[No. H001889. Sixth Dist. Dec. 28, 1987.]

LAURENCE FROMMHAGEN, Plaintiff and Appellant, v. BOARD OF SUPERVISORS OF SANTA CRUZ COUNTY et al., Defendants and Respondents.

**[Opinion certified for partial publication.*]**

* Pursuant to rule 976(b) of the California Rules of Court, only the introductory paragraph and parts I through II B and II F are certified for publication.

**COUNSEL**

Laurence H. Frommhagen, in pro. per., for Plaintiff and Appellant.

Robert K. Booth, Jr., and Atkinson & Farasyn for Defendants and Respondents.

**OPINION**

STONE, J.*—Appellant Laurence H. Frommhagen appeals from a judgment of dismissal entered after the trial court sustained without leave to amend the demurrer filed by respondents Santa Cruz County Board of Supervisors and the County of Santa Cruz. We conclude that the trial court properly sustained the demurrer with respect to the bulk of appellant's

---

*Assigned by the Chairperson of the Judicial Council.

action, but erred in sustaining the demurrer as to two of the allegations in the complaint. Consequently, we reverse the judgment and remand to the trial court for further proceedings on those two allegations only.

## I. FACTS

In June of 1984, appellant filed an in pro. per. suit against respondents to invalidate service charges levied by respondents in a number of "county service areas" for the 1984-1985 fiscal year. The county service area law gives counties an alternative method of providing services to unincorporated areas by allowing the counties to create special county service areas for the provision of services such as road maintenance, sewers, and other county services. (Gov. Code, §§ 25210.1, 25210.3, 25210.4, 25210.4a; see generally, *City of Santa Barbara* v. *County of Santa Barbara* (1979) 94 Cal.App.3d 277, 280-283 [156 Cal.Rptr. 320]; Gov. Code, §§ 25210.1-25211.33.)[1] For the types of services at issue in this case (§ 25210.4a), a county may determine the charge to be levied on each parcel in the service area by apportioning the total cost of the service to each parcel therein in proportion to the estimated benefits from such service to be received by each parcel. (§ 25210.77a.) Section 25210.77a, subdivisions (a), (b), and (c), also provide that *each year* a county must calculate the charges to be assessed to a parcel for the service, and, after a public hearing, the board of supervisors must confirm the charges.[2]

---

[1] Further statutory references are to the Government Code, unless otherwise specified.

[2] Section 25210.77a provides in pertinent part: "For any county service area or zone thereof located therein, a county may fix and collect charges for a particular extended service authorized pursuant to this article to pay, in whole or in part, for the cost thereof. The revenue obtained thereby may be in lieu of, or supplemental to, revenue obtained by the levy of taxes. The charges may vary by reason of the nature of the use or the month in which the service is rendered to correspond to the cost and the value of the service. The charges may be determined by apportioning the total cost, not otherwise offset by other available revenue, of the extended service area to each parcel therein in proportion to the estimated benefits from such service to be received by each parcel. [¶] Any county which has fixed charges pursuant to this section may, by ordinance, provide a procedure for, and collect such charges, on the tax roll in the same manner and at the same time as its general ad valorem property taxes are collected as provided herein, except that the board of supervisors shall not impose a charge upon a federal or state governmental agency or another local agency. Any such ordinance shall provide that: [¶] (a) Once a year the board of supervisors shall cause to be prepared a written report which shall contain a description of each parcel of real property receiving the particular extended service and the amount of the charge for each parcel for such year computed in conformity with the procedure set forth in the ordinance authorizing collection of such charges on the tax roll. Such report shall be filed with the clerk of the board of supervisors. [¶] (b) Upon the filing of such report, the clerk shall fix a time, date, and place for hearing thereon and for filing objections or protests thereto. The clerk shall publish notice of such hearing as provided in Section 6066, prior to the date set for hearing, in a newspaper of general circulation printed and published in the county. [¶] (c) At the time, date, and place stated in the notice, the board of supervisors shall hear and consider all objections or protests, if any, to the

Appellant's 1984 complaint alleged that the 1984-1985 charges were invalid on a number of grounds: First, the complaint attacked 33 service areas established to provide road maintenance on the ground that the areas improperly provided maintenance for private roads. Second, appellant complained that respondents violated section 25210.77a and Santa Cruz County Ordinance No. 3406 in establishing the county service area rates for 1984-1985. Specifically, the complaint alleged that respondents had failed to enact the ordinance required by section 25210.77a, calculated the charges on the basis of an improper formula, failed to file a list of each parcel in the service areas showing the amount of the charge for each parcel for the fiscal year (§ 25210.77a, subd. (a)), and did not hold a public hearing as required by section 25210.77a, subdivisions (b) and (c). (See fn. 2, *ante*.) Third, appellant alleged that, for various reasons, some (particularly County Service Areas Nos. 9, 9A, and 9D) if not all county service areas are special taxing districts which require voter approval under article 13A, section 4 of the California Constitution. Fourth, the imposition of a service charge in County Service Area No. 9C for operation of county refuse disposal sites violated section 25210.77f, which (according to appellant) allows for special assessments for refuse disposal only after direct billings for that service are unpaid for one year. Finally, the complaint alleged that the respondents failed to use the appropriate method to determine the benefits conferred on a particular parcel in order to calculate the fee for service owed by that parcel.

Following a two-day trial, the superior court issued its statement of decision rejecting each of appellant's contentions. Specifically, the court found that respondents could properly expend money through service areas to maintain "private" roads, provided those roads were open to public travel; in addition, the court found no evidence that any of the roads maintained in the service areas were closed to public travel. Second, the court found that respondents had complied with section 25210.77a in calculating the charges for 1984-1985. In particular, the court found that respondents used a proper formula for apportioning benefit (and hence charges) to the parcels within the service areas; properly filed a list of parcel service charges with the clerk; and held properly noticed hearings as required by section 25210.77a. Third, the court found none of the county service area charges were "special taxes" within the meaning of article XIII A, section 4

report and may continue the hearing from time to time. Upon conclusion of the hearing, the board of supervisors may adopt, revise, change, reduce, or modify any charge and shall make its determination upon each charge as described in the report and thereafter, by resolution, shall confirm the report. [¶] (d) The charges set forth in the report, as confirmed, shall appear as a separate item on the tax bill. The charge shall be collected at the same time and in the same manner as ordinary county ad valorem property taxes are collected and shall be subject to the same penalties and the same procedure and sale in case of delinquency as provided for such taxes."

of the California Constitution, and consequently did not have to be approved by the electorate. Fourth, the court rejected appellant's contention that service area assessments could be levied for refuse disposal only after direct billings remained unpaid for one year. Finally, the court found that the methods respondent employed to determine the estimated benefits conferred on each parcel were proper, and that each determination was supported by substantial evidence.

Appellant's appeal in this first action was dismissed on September 5, 1985, and the judgment is now final.

Undaunted by this setback, on November 20, 1985, appellant filed a subsequent complaint attacking the county service area charges established for the *1985-1986* fiscal year pursuant to section 25210.77a. As appellant himself has admitted, the allegations in this second complaint are, with three exceptions, identical in substance to those alleged in the previous complaint attacking the *1984-1985* charges. In response to this second complaint, respondents filed a demurrer alleging that the suit was barred by res judicata and the statute of limitations, and that appellant had no standing to bring the suit since he had not alleged he owned property within any of the county service areas attacked in the suit. In addition, the demurrer alleged that an admittedly new allegation stated in paragraph X of the complaint failed to state a cause of action. Appellant filed opposition to the demurrer.

On February 19, 1986, the superior court sustained the demurrer without leave to amend on the ground that the bulk of the complaint was barred by res judicata, and paragraph X failed to state a cause of action. Appellant was not afforded an opportunity to speak at the hearing.

Thereafter, a judgment of dismissal was entered in this second action and, once again, appellant appealed.

## II. DISCUSSION

### A. Res Judicata/Collateral Estoppel

Appellant contends that his second complaint is not barred by res judicata or collateral estoppel. Although we agree with appellant with respect to certain limited issues, we nevertheless find that the bulk of his complaint is barred by collateral estoppel.

Appellant points to three differences between the 1984 and 1985 complaints which he claims defeat the defense of collateral estoppel. First, in his 1985 complaint he claims that an amendment to section 25210.4a (eff. Jan.

1, 1985) now restricts road maintenance by the county to streets and highways owned by or dedicated to the county and maintained by the general public. Second, he points out that the 1984 complaint attacked the charges assessed for the 1984-1985 fiscal year, while the second complaint attacks the 1985-1986 charges. Third, he points out that the second complaint contains an allegation (in para. X) of misappropriation of surplus road resurfacing funds which was not made in the first complaint. We discuss each argument separately below.

## 1. The Legal Standards

■ If all of the facts necessary to show that an action is barred by res judicata are within the complaint or subject to judicial notice, a trial court may properly sustain a general demurrer. (*Carroll* v. *Puritan Leasing Co.* (1978) 77 Cal.App.3d 481, 485 [143 Cal.Rptr. 772].) In ruling on a demurrer based on res judicata, a court may take judicial notice of the official acts or records of any court in this state. (*Id.* at p. 481; *Safeco Insurance Co.* v. *Tholen* (1981) 117 Cal.App.3d 685, 696 [173 Cal.Rptr. 23]; Evid. Code, § 452.)

■ The doctrine of res judicata has a double aspect. First, it precludes parties or their privies from relitigating *the same cause of action* that has been finally determined by a court of competent jurisdiction. Second, although a second suit between the same parties on a different cause of action is not precluded by a prior judgment, the first judgment operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action. (*Safeco Insurance Co.* v. *Tholen, supra,* 117 Cal.App.3d at p. 696; 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, §§ 243, 249, 253; see also, *Commissioner* v. *Sunnen* (1948) 333 U.S. 591, 597-598 [92 L.Ed. 898, 905-906, 68 S.Ct. 715].) This second aspect of res judicata is commonly referred to as collateral estoppel. (117 Cal.App.3d at p. 697; 7 Witkin, Cal. Procedure, *supra,* § 253.)

## 2. Appellant's First Action Is Not A Complete Bar To His Second Action

■ Respondents contend that appellant's second action is barred completely by the first aspect of res judicata; that is, respondents claim appellant is attempting to litigate the same cause of action in this second suit as he did in the first. We disagree.

■ California has consistently applied the "primary rights" theory in defining a cause of action. Under this theory, the invasion of one "primary

right" gives rise to a single cause of action, even though several remedies may be available to protect the primary right. (*Slater* v. *Blackwood* (1975) 15 Cal.3d 791, 795 [126 Cal.Rptr. 225, 543 P.2d 593]; *Busick* v. *Workmen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967, 975 [104 Cal.Rptr. 42, 500 P.2d 1386]; *Sawyer* v. *First City Financial Corp.* (1981) 124 Cal.App.3d 390, 399 [177 Cal.Rptr. 398]; 4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 23, pp. 66-67.) Although this theory is well developed in such areas as personal injury and injuries to property (4 Witkin, Cal. Procedure, *supra,* §§ 38-49, pp. 80-88), our research has failed to uncover a California case applying the theory to suits brought to attack taxes or charges levied in different years.

Nevertheless, federal authority addressing an analogous issue convinces us that appellant's suit attacking the 1985-1986 charges is not based on the same cause of action as the suit attacking the 1984-1985 charges. In *Commissioner* v. *Sunnen, supra,* 333 U.S. 591, the United States Supreme Court considered whether litigation of certain issues in an income tax suit involving one tax year would act as a complete bar (under the first aspect of res judicata) to a suit brought on similar or identical issues but in a later tax year. The court held: "Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action. Thus if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is *res judicata* as to any subsequent proceeding involving the same claim and the same tax year. But if the later proceeding is concerned with a similar or unlike claim relating to a different tax year, the prior judgment acts as collateral estoppel only as to those matters in the second proceeding which were actually presented and determined in the first suit." (*Id.* at p. 598 [92 L.Ed. at p. 906]; see also, *White Mountain Apache Tribe* v. *Williams* (9th Cir. 1984) 810 F.2d 844, 856; *Russell* v. *United States* (9th Cir. 1979) 592 F.2d 1069, 1071-1072; *California Emp. etc. Com.* v. *Matcovich* (1946) 74 Cal.App.2d 398, 403 [168 P.2d 702]; 7 Witkin, Cal. Procedure, *supra,* Judgment, § 270, p. 712.)

Similarly, in this case the service area charges are calculated each year under the procedure outlined in section 25210.77a. Thus, each year is the origin of a new charge fixing procedure, new charge liability, and, we believe, a new cause of action. In the parlance of the "primary right theory," those paying charges have a primary right to have the charges properly calculated and imposed *each* year. Consequently, we believe appellant's second complaint attacking the 1985-1986 charges is not based on the same cause of action as that underlying his first complaint. It follows that appellant's first action is not a complete bar to his second action.

### 3. Collateral Estoppel

Although appellant's suit is not barred in its entirety by the first aspect of res judicata, we believe that much of it is barred by collateral estoppel.

██ "The collateral estoppel aspect of res judicata will apply as to all issues which were involved in the prior case even though some *factual* matters or *legal* arguments which could have been presented in the prior case in support of such issues were not presented. (*Kingsbury* v. *Tevco, Inc.* (1978) 79 Cal.App.3d 314, 318 [144 Cal.Rptr. 773].) Thus, where two lawsuits are brought and they arise out of the same alleged factual situation, and although the causes of action or forms of relief may be different, the prior determination of an issue in the first lawsuit becomes conclusive in the subsequent lawsuit between the same parties with respect to that issue and also with respect to every matter which might have been urged to sustain or defeat its determination. (*Pacific Mut. Life Ins. Co.* v. *McConnell* (1955) 44 Cal.2d 715, 724-725 [285 P.2d 636].) If the legal principle were otherwise, litigation would end finally only when a party could no longer find counsel whose knowledge and imagination could conceive of different theories of relief based upon the same factual background. (*Kronkright* v. *Gardner* (1973) 31 Cal.App.3d 214 [107 Cal.Rptr. 270].)" (*Safeco Insurance Co.* v. *Tholen, supra,* 117 Cal.App.3d at p. 697.)

Appellant concedes that with three exceptions, the issues and allegations in his second complaint are the same as those in his first. We have examined the complaints and believe this concession is correct. ██ All of the issues and allegations alleged in the first complaint were actually and necessarily decided by the trial court in the first action.[3] Consequently, if appellant is to avoid collateral estoppel, he must do so by relying on the differences he has identified between the complaints. We discuss these differences below.

---

[3] Appellant also contends that the allegations contained in paragraphs VI, VIII and IX of his first complaint were not actually adjudicated in the first action. We disagree. Collateral estoppel applies only to issues that were actually litigated and determined in the first action. (*Henn* v. *Henn* (1980) 26 Cal.3d 323, 329-330 [161 Cal.Rptr. 502, 605 P.2d 10]; *Todhunter* v. *Smith* (1934) 219 Cal. 690, 695 [28 P.2d 916]; 7 Witkin, Cal. Procedure, *supra,* Judgment, § 253, p. 691.) Issues are actually litigated if the judgment itself indicates they have been litigated or litigation of the issue was necessary to the judgment. (Code Civ. Proc., § 1911; *Stark* v. *Coker* (1942) 20 Cal.2d 839, 843 [129 P.2d 390]; *Hayward Lbr. & Inv. Co.* v. *Const. Prod. Corp.* (1953) 117 Cal.App.2d 221, 229 [255 P.2d 473].) The entire record of the first suit may be examined to determine if an issue was decided by the judgment. (7 Witkin, Cal. Procedure, *supra,* Judgment, § 255, p. 694.) Paragraph VI of appellant's first complaint alleged that because respondents failed to properly apportion cost to benefit the county service area charges were special taxes subject to article XIII A, section 4 of the California Constitution. This argument was specifically rejected in the court's statement of decision. Paragraph VIII of the first complaint alleged a violation of statutory restrictions in a county service area established for the operation of a county refuse site, while paragraph IX argued that a particular county service area created to resurface certain roads was in reality a "special tax district" subject to article XIII A, section 4. Since judgment was entered in favor of respondents "on each and every issue pleaded or otherwise raised by" appellant in the first suit, it follows that these issues were also necessarily decided against appellant.

First, in his second complaint appellant contends that an amendment to section 25210.4a (which did not become effective until after his first suit was final) now clearly "restricts road maintainence [*sic*] by the COUNTY in County Service Areas to streets and highways owned by the County or dedicated to the County and maintained by the general public." He claims this amendment is relevant to his contention that 33 county service areas improperly provide maintenance for private roads. Although an intervening change in law might arguably defeat a claim of collateral estoppel (see 7 Witkin, Cal. Procedure, *supra,* Judgment, § 274, p. 714), appellant has failed to delineate what language in the amendment he is relying on, or to explain how it changes previous law. The only conceivably applicable language is found in section 25210.4a, subdivision (15), which was added by Statutes 1984, chapter 891, section 1, page 2985. Section 25210.4a contains a partial list of certain "miscellaneous extended services" which may be funded through county service areas. Subdivision (15) of that section (added by the 1984 amendment) indicates that such miscellaneous services include: "Road maintenance. Street, highway, and bridge construction, improvement and maintenance, including related drainage facilities and structures, necessary design and engineering services, and the acquisition of land, easements, and rights-of-way needed for the work. Article 3.5 (commencing with Section 20120) of Chapter 1 of Part 3 of Division 2 of the Public Contracts Code is applicable to the furnishing of extended services pursuant to this paragraph."

We are at a loss to discern how this amendment has changed prior law so that counties are now restricted to providing maintenance to "streets and highways owned by the County or dedicated to the County and maintained by the general public." We have examined the cited portion of the Public Contracts Code and find nothing there to support appellant's position. Appellant has leant scant assistance to this endeavor. Consequently, we conclude he has failed to carry his burden on appeal to show that the amendment to section 25210.4a has defeated respondents' claim of res judicata. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 325, p. 335.)

■ Secondly, appellant contends that collateral estoppel does not bar the present action because his second complaint attacks charges for a year different from those attacked in his first complaint. With two narrow exceptions noted below, we disagree.

The great bulk of the allegations in appellant's two complaints are not affected by the fact that they attack charges levied in different years. For example, appellant's contention that respondents may not use service area funds to maintain "private" roads is not affected by the change in year. Similarly, we cannot see how the change in year affects appellant's

contention (stated in essentially identical language in both complaints) that respondents employed an improper method to calculate or apportion benefit—at least where there is no allegation that the method changed from one year to the next. Further, appellant has not suggested how the change in year affected his earlier allegations that certain county service area charges are "special taxes" within the meaning of article XIII A, section 4 of the California Constitution, or that the service area assessments for refuse disposal are improper.

After carefully examining the two complaints and the trial court's tentative decision and statement of decision in the first action, we conclude that only two allegations in the second complaint are not barred by collateral estoppel. These allegations are: (1) "The staff of defendant BOARD OF SUPERVISORS did not file with the Clerk of the Board a list of each and every parcel in each of the CSA's [sic] showing the service charge based upon an apportionment of cost to benefit . . . as required by Section 25210.77a . . . and Santa Cruz County Ordinance No. 3406"; and (2) "Defendant BOARD did not hold a public hearing at which parcel owners and members of the public might protest the service charges based upon an apportionment of cost to benefit (market value INCREASE), as required by Section 25210.77a . . . and Ordinance No. 3406 . . . ."

We find that these allegations are not barred by collateral estoppel because respondents have a duty to file a list of parcel charges and hold a hearing on those charges *each* year. (§ 25210.77a, subds. (a)-(c).) Consequently, the trial court's finding that respondents satisfied these requirements with respect to the 1984-1985 charges does not mean that respondents met these procedural requirements for the 1985-1986 charges. We therefore reverse the order of dismissal with respect to these allegations only.[4]

### 4. The Judgment Of Dismissal Cannot Be Sustained On The Alternative Grounds

We are aware that respondents argued below and on appeal that the demurrer could be sustained on two additional grounds: first, that appellant had no standing to attack the service charges since he had not alleged in his complaint that he owned property in any of the areas where such charges are assessed; and second, that the action was barred by the 120-day statute of limitations (§ 54995) since appellant had not alleged that the charges attacked were levied, modified, or amended within 120 days of the filing of

[4] We note that the trial court found these same allegations completely groundless in appellant's suit attacking the 1984-1985 charges. Consequently, these allegations might be most expediently disposed of by a motion for summary judgment, rather than a full trial.

the present action. We must address these arguments because we are required to affirm the order of dismissal "if any of the grounds raised by the defendant require the sustaining of the demurrer, whether or not the [trial] court specifies all the grounds." (*Gonzales* v. *State of California* (1977) 68 Cal.App.3d 621, 627 [137 Cal.Rptr. 681].)

We have examined respondents' arguments on these points and find them persuasive. Nevertheless, we must decline to rely on these arguments to uphold the judgment of dismissal for two reasons. First, both arguments were presented to and rejected by the court in appellant's first action. Consequently, although the issue was not briefed on appeal, these findings *might* collaterally estop respondents from relying on these arguments in a subsequent action. Secondly, and most importantly, because of the trial court's prior ruling on these issues, appellant was led to believe that his complaint would survive a demurrer as to these issues. Consequently, we do not believe we can, in good faith, uphold the trial court's order sustaining the demurrer *without leave to amend*. As Mr. Witkin has observed, sustaining a demurrer *without leave to amend* is a "drastic step" which "ordinarily constitutes an abuse of discretion, if there is a reasonable possibility that the defect can be cured by amendment." (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 942, p. 377.) Because of this, "[a]n amendment should be allowed where the defect, though one of *substance,* may possibly be cured by supplying omitted allegations, and the plaintiff has not had a fair opportunity to do so, as where the demurrer was sustained to his first complaint." (*Id.* at § 943, p. 378; *Grieves* v. *Superior Court* (1984) 157 Cal.App.3d 159, 168 [203 Cal.Rptr. 556].)

Here, the defects respondents have identified—although defects of substance—might possibly be cured by amendment. For example, with respect to the standing problem, appellant could allege that he has an ownership interest in property in one or more of the county service areas. With respect to the statute of limitations problem, appellant might allege that the charges were amended or modified for the 1985-1986 fiscal year. Therefore, we decline to rely on these arguments to uphold the judgment of dismissal entered on the trial court's order sustaining the demurrer without leave to amend.

*B. Paragraph X In Appellant's Second Complaint Does Not State A Cause of Action*

Appellant made the following allegation in paragraph X of his second complaint: "In CSA No. 9D (resurfacing of county roads) the cost of the resurfacing fell significantly short of the cost estimated for that work at the time of the creation of CSA No. 9D, and defendant COUNTY has diverted

that surplus into other projects not specified in the ordinance establishing CSA No. 9D. Furthermore, the Federal Emergency Management Agency (FEMA) and the federal government [have] rebated to defendant COUNTY a portion of that cost. [¶] Under the law of assessment in California defendant COUNTY may not divert those excess monies into other projects and must return those monies to the owners of parcels assessed in CSA No. 9D."

Respondents concede that this allegation is not barred by collateral estoppel since it was not raised in the first action. However, they argued successfully below that the allegation does not state a cause of action. We agree with this conclusion.

■ The essence of appellant's complaint is that a county must return surplus monies assessed in a county service area to the property owners who paid the assessment, and may not use those funds for other legitimate governmental purposes. The law appellant cites does not support this proposition.

Section 25252 provides that "[t]he board of supervisors [of a county] shall establish . . . such funds as are necessary for the proper transaction of the business of the county, *and may transfer money from one fund to another, as the public interest requires*." (Italics added.)

Appellant has failed to cite any law which creates an exception to this general rule where the funds are assessed in a county service area. The only California case he cites—*Davies* v. *City of Los Angeles* (1890) 86 Cal. 37 [24 P. 771]—holds only that an assessment need not exactly equal the cost of the work to be performed. The court also noted that, in any event, the act there under consideration provided for refunding any surplus. (*Id.* at p. 47.) Obviously, this is not authority for a *general* rule that such excess assessments must be refunded, especially in light of a county's general power to transfer money among funds.[5]

Consequently, we conclude that appellant has failed to carry his burden on appeal to show that the lower court erred in sustaining the demurrer as to paragraph X of the complaint.

---

[5] We also find appellant's out-of-state authority unpersuasive especially in light of California's specific statutory provision allowing interfund transfers by counties. (See *City of Sterling* v. *Commercial Sav. Bank of Sterling* (1947) 116 Colo. 369 [181 P.2d 361]; *Blackford* v. *City of Libby* (1936) 103 Mont. 272 [62 P.2d 216].)

*C.-E.* \*

. . . . . . . . . . . . . . . . . . . . . .

*F. Disposition*

The judgment of dismissal and order sustaining demurrer without leave to amend are reversed as to paragraphs V.3 and V.4 of the complaint only. In all other respects, the judgment and orders appealed from are affirmed. Appellant's motion to strike statements from the respondents' brief is denied. The parties shall each bear their own costs on appeal. (Cal. Rules of Court, rule 26(a).)

Agliano, P. J., and Capaccioli, J., concurred.

A petition for a rehearing was denied January 27, 1988.

---

\* See footnote, *ante,* page 1292.