[No. A047667. First Dist., Div. Three. July 30, 1990.]

NANCY SHOR, Plaintiff and Appellant, v.
DEPARTMENT OF SOCIAL SERVICES, Defendant and
Respondent.

COUNSEL

Ralph R. Howard and Peter Y. Wong for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, and John J. Klee, Jr., Deputy Attorney General, for Defendant and Respondent.

## OPINION

**WHITE, P. J.**—Appellant Nancy Shor pled guilty to welfare fraud. She was ordered to pay $6,841.86 in restitution to the Department of Social Services (the Department) as a condition of probation. Subsequently, in an administrative proceeding, the Department concluded that Ms. Shor must repay the entire amount she wrongfully received ($21,919). Ms. Shor filed a petition for writ of administrative mandamus (Code Civ. Proc., § 1094.5) in the superior court to overturn the Department's decision. The petition was denied and Ms. Shor has appealed.

On appeal, Ms. Shor contends that the Department (1) is collaterally estopped from claiming more than $6,841.86 in restitution, and (2) waived any right to restitution above $6,841.86. We affirm the judgment.

## I

### FACTS

From 1982 to 1986 Ms. Shor received $21,919 in aid to families with dependent children (AFDC) benefits. However, she was not entitled to those benefits because she had money in unreported bank accounts that exceeded the allowable $1,000 resource limit.

In January 1987 the Department notified Ms. Shor that she had been overpaid $21,919 and demanded payment of the entire sum. Ms. Shor requested an administrative hearing on the demand.

While the hearing was pending, Ms. Shor was charged in San Francisco County with perjury (Pen. Code, § 118, subd. (a)), unauthorized acquisition of food stamps (Welf. & Inst. Code, § 10980, subd. (g)), and welfare fraud (Welf. & Inst. Code, § 11483) based on her willful failure to disclose the bank accounts. As the result of a plea bargain, Ms. Shor pled guilty to a violation of Welfare and Institutions Code section 10980, subdivision (c)(2) (felony welfare fraud). The other charges were dismissed.

The trial judge imposed the punishment agreed upon by the district attorney and Ms. Shor: five years probation conditioned on Ms. Shor's

payment of $6,841.86 in restitution to the Department and 100 hours of community service.

After Ms. Shor pled guilty to the criminal charge, she appeared at the administrative hearing on the Department's demand for full reimbursement and argued that the Department was collaterally estopped from collecting more than the $6,841.86 in restitution imposed as a condition of probation. The administrative law judge agreed with this argument, but his decision was reversed by the Department director. The director found that the demand for repayment of $21,919 was "correct and must be sustained."

Ms. Shor then filed a petition for writ of administrative mandamus to overturn the director's final administrative decision. The superior court denied the petition and Ms. Shor has appealed.

II

DISCUSSION

A. *The Department's Decision Is Not Barred by Collateral Estoppel.*

 Ms. Shor first contends that because she was ordered to make restitution in the amount of $6,841.86 as a condition of probation, the Department is collaterally estopped from contending in the administrative proceeding that she was overpaid $21,919. She is wrong.

Collateral estoppel bars relitigation of an issue decided at a previous proceeding if " '(1) the issue necessarily decided at the previous [proceeding] is identical to the one which is sought to be relitigated; (2) the previous [proceeding] resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior [proceeding].' " (*People* v. *Sims* (1982) 32 Cal.3d 468, 484 [186 Cal.Rptr. 77, 651 P.2d 321]; see also *People* v. *Taylor* (1974) 12 Cal.3d 686, 691 [117 Cal.Rptr. 70, 527 P.2d 622]; *Frommhagen* v. *Board of Supervisors* (1987) 197 Cal.App.3d 1292, 1299 [243 Cal.Rptr. 390].)

Ms. Shor cannot get beyond the first requirement for collateral estoppel. The issue "necessarily decided" in the criminal proceeding was not "identical" to the issue litigated at the administrative proceeding. In the criminal proceeding, the court did not determine how much Ms. Shor had been overpaid. Instead, the court "necessarily determined" the appropriate amount of restitution to be paid as a condition of probation. That sum is not necessarily equal to the full amount of overpayment. "While a civil damage award is rendered without regard to the defendant's ability to

pay, ability to pay is a factor that must figure into setting the amount of restitution and thus the injured party . . . may not be able to recover all . . . damages through the restitutionary order." (*People* v. *Hodgkin* (1987) 194 Cal.App.3d 795, 805 [239 Cal.Rptr. 831].)

This point is made abundantly clear by Penal Code section 1203.04 which provides in relevant part that restitution to the victim imposed as a condition of probation may be "full or *partial*" payment of the value of the stolen or damaged property. (Pen. Code, § 1203.04. subds. (a)(1), (d), italics added.) Thus, the trial court in the criminal proceedings did not necessarily decide the full amount of the overpayment, but merely determined the appropriate amount to be imposed as a condition of probation.

Ms. Shor's reliance on *People* v. *Sims, supra,* 32 Cal.3d 468, is misplaced. In *Sims* the defendant was charged with welfare fraud. While the criminal case was pending, the Department determined in an administrative hearing that she had not committed fraud and consequently was not required to make repayments. (*Id.,* at pp. 473-474.) The Supreme Court held that the district attorney was barred by collateral estoppel from prosecuting the criminal fraud charge because "[t]he fraud issue actually litigated before the [Department] was identical to that involved in the criminal proceedings." (*Id.,* at pp. 485, 489-490.) However, as we have already explained, here the issue litigated in the criminal proceeding (the appropriate amount of restitution to be paid as a condition of probation) was not identical to the issue litigated at the administrative hearing (the *actual* amount of the overpayment). Consequently, collateral estoppel does not bar litigation of the latter issue.

Finally, in the course of her discussion of collateral estoppel, Ms. Shor inserts an unrelated argument. She contends that as part of the plea bargain the district attorney agreed not to seek full reimbursement for the $21,919 through an administrative proceeding. The short answer to this argument is that there is absolutely no evidence the district attorney agreed to this condition. Consequently, we need not determine if the district attorney had the power to make such an agreement on the Department's behalf. (See *People* v. *Hy-Lond Enterprises, Inc.* (1979) 93 Cal.App.3d 734, 751-754 [155 Cal.Rptr. 880].)

B. *Ms. Shor Failed to Raise Her Additional Contentions in the Trial Court and May Not Raise Them for the First Time on Appeal.*

■ Finally, Ms. Shor contends that the Department "waived" its right to collect the full amount of overpayment because it was silent concerning its desire to do so throughout the criminal proceedings. In addition, Ms.

Shor contends that she "relied" on the Department's silence when she entered her guilty plea because that silence reasonably caused her to believe that she would only have to repay $6,841. In making these arguments, Ms. Shor confuses the concepts of waiver and equitable estoppel. (See *Miller* v. *Elite Ins. Co.* (1980) 100 Cal.App.3d 739, 753-754 [161 Cal.Rptr. 322].) However, we need not sort out this confusion because it appears from the record before us that Ms. Shor never raised these issues in the trial court. Because she did not raise these arguments in the trial court, she may not raise them for the first time on appeal. (*Musquiz* v. *City of Huntington Park* (1986) 180 Cal.App.3d 876, 883 [225 Cal.Rptr. 817].)

The judgment is affirmed.

Merrill, J., and Strankman, J., concurred.

A petition for a rehearing was denied August 24, 1990, and appellant's petition for review by the Supreme Court was denied October 17, 1990.