**Andre VAN DER VALK; Nasser El Radi; Ali Akabar Dashti; Emeil Kamel; Valu Gas Inc.; Amrit Dhillon, Plaintiffs,**

---

1. *Weyerhaeuser Co. v. Ross–Simmons,* —— U.S. ——, 127 S.Ct. 1069, 166 L.Ed.2d 911 (2007).

Rashid & Sons Inc.; Jafar Rashid; Sidradi Inc., Plaintiffs-counter-defendants,

and

Charanjit Deol, Plaintiff–Appellant,

v.

SHELL OIL COMPANY; Texaco Refining and Marketing Inc., Defendants,

Equilon Enterprises, LLC, dba Shell Oil Products US, Defendant-counter-claimant,

and

Equilon Enterprises, LLC, a Delaware Limited Liability Company, Defendant–Appellee.

No. 05–55938.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2007.

Filed May 31, 2007.

Gennady L. Lebedev, Bleau Fox & Fong, Los Angeles, CA, for Plaintiff/Plaintiff–Counter–Defendant.

Thomas P. Bleau, Gennady L. Lebedev, Bleau, Fox & Associates, Los Angeles, CA, for Plaintiff–Appellant.

Baker & Hostetler, LLP, Los Angeles, CA, for Defendant.

Marshall Searcy, III, Esq., Quinn Emanuel Urquhart Oliver & Hedges, LLP, Los Angeles, CA, for Defendant–Appellee.

Kenneth R. Chiate, for Defendant-Appellee/Defendant-Counter-Claimant.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: NOONAN, KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM *

Charanjit Deol ("Deol"), a franchisee of several Shell-branded gas stations in Southern California, appeals the District Court's grant of summary judgment on res judicata grounds to Equilon Enterprises, LLC ("Equilon"). Because under California law, Deol's cause of action in each of his state and federal court suits arise out of separate contracts embodying distinct primary rights, we now reverse the District Court's judgment and remand for further proceedings.

In granting summary judgment to Equilon, the District Court erroneously applied federal res judicata law. Since Deol's first action was filed in and dismissed by a California state court, the Full Faith and Credit Statute requires this Court to conduct its own de novo res judicata analysis according to California principles of res judicata. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 85, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); 28 U.S.C. § 1738.

Under California law, res judicata may bar an action if "(1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding." Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles, 126 Cal.App.4th 1180, 1202, 24 Cal.Rptr.3d 543 (2004). The same cause of

action is implicated if two lawsuits are based on the same "primary right." *Id.* That primary right is "the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based." *Id.*

Deol does not challenge the contention that the state action was dismissed on the merits, and that the two lawsuits involve identical parties. This case instead turns on whether Deol's federal suit is on the same cause of action as that in his state court suit. Deol's right to bring his two suits under Cal. Bus. & Prof. §§ 21200, *et seq.* and 17000 *et seq.* rests on two separate and distinct franchise agreements with Equilon. Each contract gives rise to an obligation or legal duty, enforceable in an action at law. *See* 1 Witkin Sum. Cal. Law Contracts § 1 (10th ed. 2005); Cal. Civ. Code §§ 1427–28 (West 2007). Each franchise agreement stands independent of the other. That is, if one agreement were to be canceled, the other would remain in force. Deol is therefore asserting two different primary rights and two different causes of action. *See Roam v. Koop,* 41 Cal.App.3d 1035, 1041, 116 Cal.Rptr. 539 (1974) (stating that ten separate contracts concerning the same general subject matter may be viewed as involving ten separate primary rights giving rise to ten separate and independent causes of action); *see also Frommhagen v. Bd. of Supervisors of Santa Cruz County,* 197 Cal.App.3d 1292, 1300, 243 Cal.Rptr. 390 (1987) (holding that res judicata does not bar plaintiff from bringing two successive suits attacking the same service charges assessed in different fiscal years.) Res judicata does not bar Deol's second suit.

REVERSED AND REMANDED.

KLEINFELD, Circuit Judge, dissenting:

I respectfully dissent.

The "primary right" Deol seeks to vindicate is not breach of contract but the right to be free from unfair competition. It therefore does not matter to the claims, in this case, that separate substantially identical franchise agreements are involved.

Because the same "primary right" is involved, the claim dismissed by the state court and the claim he later filed in federal involve the same "cause of action" under the California "primary right" doctrine. Deol is not entitled to sue on the same theory for each of his gas stations, and let his lawsuits die until one looks like it is going well. Because the dismissal of the first suit was a decision on the merits and because the parties in both proceedings are identical, the district court was correct in dismissing Deol's claim on the basis of res judicata. Its ruling should be upheld.