Filed 7/22/15  SF Properties, LLC v. Smith CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SF PROPERTIES, LLC,<br><br>      Plaintiff and Appellant,<br><br>    v.<br><br>KEITH B. SMITH et al.,<br><br>      Defendants and Respondents. | B257201<br><br>(Los Angeles County<br>Super. Ct. No. BC465314) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Laura A. Matz, Judge.  Affirmed.

Schock & Schock and John P. Schock for Plaintiff and Appellant.

Attlesey / Storm and Suzanne S. Storm; Christopher L. Blank, for Defendants and Respondents.

Plaintiff and appellant SF Properties, LLC (plaintiff) appeals from the summary judgment entered in favor of defendants and respondents Keith B. Smith, an individual and as trustee of the Smith Family Trust; Lawrence Goelman, an individual and as trustee of the Lawrence Goelman Trust; and Warren Lortie, an individual and as trustee of the Lortie Trust and the Lortie Community Property Trust (collectively, defendants) after the trial court ruled that the doctrine of res judicata bars plaintiff's action. We affirm the judgment.

## BACKGROUND

**The parties**

Plaintiff was the borrower in a loan transaction with Dove Street Capital Lenders, LLC (Dove Street), an entity that was in the business of making short term loans to borrowers who did not qualify for financing through traditional lenders. Defendants are the current and former members of Dove Street.

**The underlying loan transaction**

In March 2005, Dove Street loaned plaintiff $3.64 million (the loan). The loan was evidenced by a promissory note and secured by a deed of trust covering several parcels of real property in Glendale, California. The note specified an interest rate of 12 percent and a default rate of 25 percent.

At the time the loan was made, Dove Street was not a licensed real estate broker or finance lender. It therefore required the loan to be arranged by a broker pursuant to Civil Code section 1916.1 in order to invoke the broker's exemption from the interest rate limitation imposed by article XV, section 1 of the California Constitution.[1]

---

[1]    Article XV, section 1 of the California Constitution prohibits a nonexempt lender from lending money at an interest rate greater than 10 percent per annum. Civil Code section 1916.1 provides an exemption from that prohibition for loans made or arranged by a licensed real estate broker: "The restrictions upon rates of interest contained in Section 1 of Article XV of the California Constitution shall not apply to any loan or forbearance made or arranged by any person licensed as a real estate broker by the State of California, and secured, directly or collaterally, in whole or in part by liens on real property." (Civ. Code, § 1916.1.)

2

On June 3, 2005, Dove Street was issued a finance lender's and broker's license by the California Department of Corporations, exempting Dove Street from the constitutional interest rate limitations. Beginning in April 2006, Dove Street and plaintiff entered into several loan modification agreements pursuant to which Dove Street loaned plaintiff an additional $556,400 and granted several extensions of the maturity date on the loan.

Plaintiff defaulted on the loan, and on May 12, 2009, Dove Street commenced a nonjudicial foreclosure. At a trustee's sale held on October 23, 2009, Dove Street made a full credit bid of $7,986,255.56 and became the record owner of the real property securing the loan.

**The previous action**

On January 6, 2010, plaintiff and an entity named Doran Lofts, LLC jointly sued Dove Street in Los Angeles Superior Court case number EC057176 (the previous action), asserting causes of action for declaratory relief, money had and received, usury, unjust enrichment, accounting, quiet title, and injunction. In the previous action, plaintiff argued, among other things, that the loan and three subsequent loan modification agreements were usurious.

During the ensuing six-day bench trial, Keith Smith, one of the individual defendants in the instant case and a member of Dove Street, testified that he was contacted by Greg Galletly, a principal of plaintiff and of Doran Lofts, with whom Dove Street had an ongoing lender-borrower relationship, about a proposed $3.64 million loan. Dove Street customarily used a real estate broker to facilitate loans between the parties, but that broker's license had expired. Smith told Galletly that Dove Street would not make a loan that did not comply with the applicable lending laws and asked Galletly to wait until Dove Street's pending application to become a licensed lender was granted. Plaintiff's consultant subsequently contacted Smith stating that plaintiff could not wait and that Galletly would find a broker to facilitate the loan. Plaintiff then informed Dove Street that a broker named Eleanor Baker would arrange the loan. Smith checked with the California Department of Real Estate and determined that Baker was a broker in good

3

standing.  In reliance on a broker's declaration signed by Baker, Dove Street made the loan.

In its statement of decision, the trial court found Smith and other witnesses who testified on Dove Street's behalf to be credible.  The trial court further found that Dove Street believed the loan had been arranged by a broker named Eleanor Baker and that after making the loan, Dove Street became licensed in early 2005 under the California Finance Lender's Law and thereafter gave the plaintiffs several loan extensions as well as additional capital.  The trial court concluded that the loan had either been arranged by a broker or the plaintiffs had fraudulently induced Dove Street to believe that it had been arranged by a broker and that the plaintiffs had failed to sustain their burden of proving that the loan was usurious.

Neither plaintiff nor Doran Lofts objected to the statement of decision, and on May 11, 2011, judgment was entered in favor of Dove Street and against plaintiff and Doran Lofts (the previous judgment).  Plaintiff appealed the previous judgment, and Division Eight of this court affirmed that judgment.

**The instant action**

On July 11, 2011, two months after entry of the previous judgment, plaintiff and Doran Lofts filed the instant action against Dove Street's current and former members, asserting the same causes of action for declaratory relief, money had and received, and damages for usury that had been asserted against Dove Street in the previous action. Plaintiff and Doran Lofts argued once again that the loan and loan modifications were usurious.

Defendants filed a motion for summary judgment, arguing that the entire action was barred by the doctrine of res judicata.  The trial court granted the motion, and judgment was entered in favor of defendants on April 30, 2014.  Plaintiff then filed the instant appeal.[2]

---

[2]     Doran Lofts is not a party to this appeal.

4

## DISCUSSION

### I. Standard of review

Summary judgment is granted when a moving party establishes the right to entry of judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) "The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 (*Aguilar*).)

A defendant moving for summary judgment bears the initial burden of proving that there is no merit to a cause of action by showing that one or more elements of the cause of action cannot be established or that there is a complete defense to that cause of action. (Code Civ. Proc., § 437c, subd. (p)(2); *Cucuzza v. City of Santa Clara* (2002) 104 Cal.App.4th 1031, 1037.) Once the defendant has made such a showing, the burden shifts to the plaintiff to show that a triable issue of one or more material facts exists as to that cause of action or as to a defense to the cause of action. (*Aguilar, supra*, 25 Cal.4th at p. 849.) If the plaintiff does not make such a showing, summary judgment in favor of the defendant is appropriate. In order to obtain a summary judgment, "all that the defendant need do is to show that the plaintiff cannot establish at least one element of the cause of action . . . . [T]he defendant need not himself conclusively negate any such element . . . ." (*Id.* at p. 853.)

On appeal from a summary judgment, an appellate court makes "an independent assessment of the correctness of the trial court's ruling, applying the same legal standard as the trial court in determining whether there are any genuine issues of material fact or whether the moving party is entitled to judgment as a matter of law. [Citations.]" (*Iverson v. Muroc Unified School Dist.* (1995) 32 Cal.App.4th 218, 222.)

The instant case involves applicability of the doctrine of res judicata, a legal issue also subject to de novo review. (*Jenkins v. County of Riverside* (2006) 138 Cal.App.4th 593, 618.)

## II. Res judicata

The doctrine of res judicata has two aspects.  The first, called claim preclusion, "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them."  (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896.)  The second aspect of res judicata, called collateral estoppel or issue preclusion, "'precludes relitigation of issues argued and decided in prior proceedings.' [Citation.]"  (*Ibid.*)

Here, we are concerned with collateral estoppel -- the issue preclusion aspect of res judicata.

### A.  Elements of issue preclusion

The threshold elements for issue preclusion are as follows:  (1) the issue to be precluded is identical to that decided in the prior proceeding; (2) the issue must have been actually litigated in the prior proceeding; (3) the issue must have been necessarily decided; (4) the decision in the prior proceeding must be final and on the merits; and (5) the party against whom preclusion is sought must be a party to the former proceeding or in privity with a former party.  (*People v. Garcia* (2006) 39 Cal.4th 1070, 1077.)  Even when all of these threshold elements are present, public policy considerations may limit a court's application of issue preclusion.  (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 342-343 (*Lucido*).)  Before applying the doctrine of issue preclusion, courts must consider its underlying public policies -- "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation" -- to determine "whether its application in a particular circumstance would be fair to the parties and constitutes sound judicial policy."  (*Ibid.*)

### B.  The elements of issue preclusion are satisfied here

It is undisputed that plaintiff was a party to the previous action, and that the judgment rendered in that action was final and on the merits.  The fourth and fifth prerequisite elements of issue preclusion are thus satisfied in this case.  Our review is therefore limited to the remaining three elements.

6

To determine whether the instant case involves an issue identical to that decided in the previous action, the relevant inquiry is "whether 'identical factual allegations' are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same. [Citation.]" (*Lucido, supra*, 51 Cal.3d at p. 342.) Both the instant action and the previous action are based on identical factual allegations. The complaints in both actions allege causes of action for declaratory relief, money had and received, and damages for usury in connection with the same allegedly usurious loan transaction. Both actions involve the same issue -- whether the loan and subsequent loan modifications were usurious because they had not been arranged by a licensed broker.

That issue was actually litigated and determined in the previous action. An issue is actually litigated if it is properly raised by the pleadings or otherwise, is submitted for determination, and is determined. (*Murphy v. Murphy* (2008) 164 Cal.App.4th 376, 400.) An issue is also actually litigated if the judgment itself indicates it has been litigated or if litigation of the issue was necessary to the judgment. (*Frommhagen v. Board of Supervisors* (1987) 197 Cal.App.3d 1292, 1301, fn. 3.) The complaint in the previous action alleged that the interest rate and the default interest rate for the loan and subsequent loan modifications was usurious. The trial court in the previous action found that plaintiff had failed to prove these allegations. The trial court further found that plaintiff had represented to Dove Street that the loan had been arranged by a licensed broker, and that if this representation was untrue, then Dove Street had been fraudulently induced by plaintiff to make the loan. All of the requisite elements for issue preclusion are satisfied in this case.

Public policy considerations weigh in favor of issue preclusion in this case. The integrity of the judicial system, promotion of judicial economy, and protecting defendants (many of whom testified as witnesses in the previous action) from harassment by vexatious litigation, will be advanced by application of the doctrine. (*Lucido, supra*, 51

Cal.3d at pp. 342-343.)  Collateral estoppel bars the instant action, and summary judgment was properly granted on that basis.[3]

## DISPOSITION

The judgment is affirmed.  Defendants are awarded their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
HOFFSTADT

---

[3]     Because we conclude that issue preclusion bars relitigation in this case of identical issues actually litigated and necessarily decided in the previous action, we need not address the parties' arguments as to whether claim preclusion also bars the instant action.