Filed 9/29/15  Doran Lofts v. Dove Street Capital Lenders CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| DORAN LOFTS, LLC,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>DOVE STREET CAPITAL LENDERS,<br>LLC,<br><br>　　　　Defendant and Respondent. | B257200<br><br>(Los Angeles County<br>Super. Ct. No. BC476546) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County.  Laura Anne Matz, Judge.  Affirmed.

　　　　Schock & Schock and John Paul Schock for Plaintiff and Appellant.

　　　　Attlesey│Storm, Suzanne Shaw Storm and Christopher L. Blank for Defendant and Respondent.

_____

In this appeal, appellant Doran Lofts, LLC (Doran Lofts), challenges the court's grant of summary judgment, holding that its usury claims against respondent Dove Street Capital Lenders, LLC (Dove Street), were barred by res judicata from a prior proceeding's determination. We decide this appeal in light of Division Eight's decision in *SF Properties, LLC v. Dove Street Capital Lenders, LLC*, B233994 (Nov. 26, 2012 [nonpub. opn.]), referred to as the *First Appeal*, and Division Two's decision in *SF Properties, LLC v. Keith B. Smith et al.*, B257201 (July 22, 2015 [nonpub. opn.]), referred to as the *Second Appeal*. We affirm.

## FACTUAL AND LEGAL BACKGROUND

In 2005, a developer, Greg Galletly, created several limited liability corporations, including SF Properties, LLC (SF Properties) and Doran Lofts to develop real properties. In March 2005, Dove Street made a secured loan to SF Properties. At the time, Dove Street was not a licensed real estate broker or finance lender. In June 2005, Dove Street became a licensed broker and lender. After becoming licensed, Dove Street made new loans to and modified its existing loan with SF Properties. In June 2007, after Dove Street was a licensed broker and lender, it made a secured loan to Doran Lofts.

In 2009, after SF Properties and Doran Lofts failed to make payments on their loans, Dove Street began foreclosure proceedings on the securing real properties. Dove Street bought SF Properties' securing property in 2009 at a foreclosure sale; the Doran Lofts property has not yet been sold.

### The First Case and Appeal

On January 6, 2010, Doran Lofts and SF Properties sued Dove Street in the superior court for declaratory relief, money had and received, usury, unjust enrichment, accounting, quiet title, and injunction (the *First Case*). (*SF Properties, LLC et al. v. Dove Street Capital Lenders, LLC* (Super. Ct. L.A. County, 2011, No. EC051716).) Doran Lofts and SF Properties' main contention was that the Dove Street loans' interest rates were usurious. At the conclusion of Doran Lofts and SF Properties' case-in-chief,

2

Dove Street orally moved to dismiss the counts relating to Doran Lofts. Doran Lofts admitted "the evidence ha[d] . . . not . . . support[ed] those causes of action." The trial court orally dismissed Doran Lofts' claims. Doran Lofts did not object. The resulting minute order, however, stated, "Pursuant to stipulation . . . causes of action 5-9[] are stricken." SF Properties continued to pursue its claims. The court entered judgment in favor of Dove Street and against SF Properties and Doran Lofts.

In June 2011, SF Properties alone appealed the *First Case*, arguing it had the right to the surplus generated from the foreclosure sale of its securing real property. (*First Appeal*, *supra*, B233994.) Division Eight affirmed the superior court's ruling in favor of Dove Street, holding that SF Properties had not presented sufficient evidence for the trial court to award it the surplus.

**The Second Case and Appeal**

On July 13, 2011, Doran Lofts and SF Properties sued current and former members of Dove Street in the superior court for declaratory relief, money had and received, and damages for usury (the *Second Case*). (*SF Properties, LLC et al. v. Keith B. Smith et al.* (Super. Ct. L.A. County, 2014, No. BC465314).) Doran Lofts and SF Properties' main contention again was that the Dove Street loans' interest rates were usurious. The trial court granted summary judgment in favor of defendants, holding that res judicata from the *First Case* barred the action. The court entered judgment in favor of defendants on April 30, 2014.

On June 24, 2014, SF Properties alone appealed the *April 30, 2014 judgment*. (*Second Appeal*, *supra*, B257201.) Following de novo review, Division Two affirmed the superior court's ruling in favor of Dove Street, holding that res judicata barred the action, or more specifically collateral estoppel—the issue preclusion aspect of res judicata—applied. Division Two analyzed the five threshold elements required for issue preclusion: "(1) the issue to be precluded is identical to that decided in the prior proceeding; (2) the issue must have been actually litigated in the prior proceeding; (3) the issue must have been necessarily decided; (4) the decision in the prior proceeding must

3

be final and on the merits; and (5) the party against whom preclusion is sought must be a party to the former proceeding or in privity with a former party. (*People v. Garcia* (2006) 39 Cal.4th 1070, 1077.)" (*Second Appeal*, *supra*, B257201.) The court held, "It is undisputed that plaintiff was a party to the previous action, and that the judgment rendered in that action was final and on the merits. The fourth and fifth prerequisite elements of issue preclusion are thus satisfied in this case. Our review is therefore limited to the remaining three elements." (*Ibid.*)

As to the first element, to "determine whether the instant case involves an issue identical to that decided in the previous action, the relevant inquiry is 'whether "identical factual allegations" are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same. [Citation.]' (*Lucido* [*v. Superior Court* (1990) 51 Cal.3d 335,] 342.) Both the instant action and the previous action are based on identical factual allegations. The complaints in both actions allege causes of action for declaratory relief, money had and received, and damages for usury in connection with the same allegedly usurious loan transaction. Both actions involve the same issue—whether the loan and subsequent loan modifications were usurious because they had not been arranged by a licensed broker.

"That issue was actually litigated and determined in the previous action. An issue is actually litigated if it is properly raised by the pleadings or otherwise, is submitted for determination, and is determined. (*Murphy v. Murphy* (2008) 164 Cal.App.4th 376, 400.) An issue is also actually litigated if the judgment itself indicates it has been litigated or if litigation of the issue was necessary to the judgment. (*Frommhagen v. Board of Supervisors* (1987) 197 Cal.App.3d 1292, 1301, fn. 3.) The complaint in the previous action alleged that the interest rate and the default interest rate for the loan and subsequent loan modifications was usurious. The trial court in the previous action found that plaintiff had failed to prove these allegations. The trial court further found that plaintiff had represented to Dove Street that the loan had been arranged by a licensed broker, and that if this representation was untrue, then Dove Street had been fraudulently

4

induced by plaintiff to make the loan. All of the requisite elements for issue preclusion are satisfied in this case." (*Second Appeal*, *supra*, B257201.) Division Two's decision is now final.

### The Third Case and this Appeal

On January 9, 2012, Doran Lofts sued Dove Street and the former members of Dove Street, as individuals, in the superior court for declaratory relief, money had and received, unjust enrichment, quiet title, injunctive relief, and fraud (the *Third Case*). (*Doran Lofts, LLC v. Dove Street Capital Lenders et al.* (Super. Ct. L.A. County, 2014, No. BC476546).) Just like in the *Second Case*, Doran Lofts' main contention was that Dove Street loan's interest was usurious. On April 30, 2014, the superior court granted Dove Street summary judgment, finding that res judicata from the *First Case* and the statute of limitations barred this third action.

On June 24, 2014, the same day SF Properties filed its notice of appeal in the *Second Case*, Doran Lofts filed its notice of appeal in this case. In this third appeal, Doran Lofts again contends that res judicata and the statute of limitations does not bar its action below (the *Third Appeal*).

### DISCUSSION

Doran Lofts argues its claims below were not barred by res judicata and the statute of limitations. We disagree. Because Doran Lofts' claims are barred by res judicata, there is no need to address the statute of limitations. We review a grant of summary judgment de novo. (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142.) The grant "is presumed correct and ""'all intendments and presumptions are indulged in favor of its correctness.'""" (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) On appeal, Doran has the burden to present "an argument and legal authority to support" the conclusion that summary judgment should not have been granted. (*Ibid.*)

5

Doran Lofts gives us no basis for reaching a different result in this appeal than Division Two's result. Doran Lofts and SF Properties were parties in the *First Case* and are bound by that decision, which is now final.

Doran Lofts erroneously contends there was no final judgment on the merits in the *First Case as to it* because it voluntarily stipulated to strike its claims, thereby preserving those claims for another action. Under Code of Civil Procedure section 581, subdivision (d), "the court shall dismiss the complaint, or any cause of action asserted in it, in its entirety or as to any defendant, with prejudice, when upon the trial and before the final submission of the case, the plaintiff abandons it."[1]

When Dove Street moved to dismiss the claims relating to Doran Lofts, Doran Lofts did not object and admitted "the evidence ha[d] . . . not . . . support[ed] those causes of action." Doran Lofts made no attempt to prosecute or preserve the claims and therefore abandoned them under section 581, subdivision (d). As for the minute order characterizing the dismissal as a stipulated striking, the entry was likely a mistaken transcription.[2] We will not ascribe such a mistake to a change in the court's judgment, especially when the record provides no basis for doing so. (*In re Merrick V.* (2004) 122 Cal.App.4th 235, 249 ["Conflicts between the reporter's and clerk's transcripts are generally presumed to be clerical in nature and are resolved in favor of the reporter's transcript unless the particular circumstances dictate otherwise"].)

Under section 581, subdivision (e), a voluntary dismissal can be without prejudice, but only if all the parties consent or the court agrees to such a dismissal after a showing of good cause. The record does not reflect any agreement or stipulation of the parties to a dismissal of the claims without prejudice. It likewise shows no evidence Doran Lofts

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] After initially moving to dismiss "certain claims," Dove Street briefly changed direction, asking the court to strike certain allegations relating to SF Properties' loan modifications. After the court agreed to strike those allegations, Dove Street returned to its original request, asking the court to "dismiss" the Doran Lofts claims. The court granted the motion to dismiss.

6

even attempted to present good cause for a dismissal without prejudice or that the court granted one. If Doran Lofts wanted the claims dismissed without prejudice, it should have preserved the record to that effect. Doran Lofts' representation that it preserved the record by filing a motion to dismiss without prejudice is not supported by the record. Doran Lofts' dismissal motion was filed in the *present action* in April 2012 and was to dismiss one of Dove Street's members, Warren Lortie, not to dismiss any causes of action.

The *First Case* resulted in a final judgment on the merits after Doran Lofts abandoned its claims and thereby tacitly agreed to dismiss its claims with prejudice under section 581, subdivision (d).

Finally, it was not only appropriate, but necessary for judicial economy and integrity, for the court to prevent Doran Lofts from continuing to attempt to litigate its usury claim when it had already done so and lost twice before. (*Lucido v. Superior Court*, *supra*, 51 Cal.3d at pp. 347–351.)

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                                    LUI, J.

We concur:


ROTHSCHILD, P. J.


CHANEY, J.


7