[Civ. No. 54568. First Dist., Div. Two. Oct. 6, 1982.]

DALE A. SARTOR et al., Petitioners, v.
THE SUPERIOR COURT OF MARIN COUNTY, Respondent;
EDNA IRENE JEFFREY et al., Real Parties in Interest.

**324**

COUNSEL

Paul J. Sanner, Shand S. Stephens, Robert J. Stumpf and Bronson, Bronson & McKinnon for Petitioners.

No appearance for Respondent.

Michael B. Moore and Cartwright, Sucherman, Slobodion & Fowler for Real Parties in Interest.

OPINION

**ROUSE, Acting P. J.**—Petitioners Dale Sartor, Thomas Butt and John Clinton, defendants in this action, seek a writ of mandate to compel respondent court to vacate its order denying their motion for summary judgment and to enter an order granting their motion.[1]

The action was commenced by real parties in interest, Edna and Kent Jeffrey, as plaintiffs, against Interactive Resources, Inc. (Interactive), a California corporation engaged in the rendition of architectural and engineering services, and the three petitioners, who are alleged to be agents and employees of the corporation. The amended complaint alleged that, in 1974, real parties were induced to enter into an agreement with Interactive for services rendered in connection with the building of a house in Kentfield, and that the house was defective in various respects. Real parties sought damages based on fraud, negligence, breach of contract, and warranty.

---

[1]The issue of the absence of an adequate remedy in the ordinary course of law has been determined by the Supreme Court in its order directing the issuance of an alternative writ of mandate to be heard before this court (*Unger* v. *Superior Court* (1980) 102 Cal.App.3d 681, 684 [162 Cal.Rptr. 611]).

The contract, which was signed by Edna Jeffrey and Interactive, contained an arbitration clause (art. 11) providing for arbitration in accordance with American Arbitration Association rules and covered "All claims, disputes and other matters in question between the parties to this Agreement, arising out of, or relating to this Agreement or the breach thereof . . . ." The clause further provided that "No arbitration, arising out of, or relating to this Agreement, shall include, by consolidation, joinder or in any other manner, any additional party not a party to this Agreement except by written consent containing a specific reference to this Agreement and signed by all the parties hereto."

On the basis of these provisions, the trial court ordered the matter stayed pending arbitration between Edna Jeffrey and Interactive. On June 8, 1978, the arbitrator rendered an award, stating, in relevant part: "A charge of fraud against INTERACTIVE RESOURCES, INC. has not been sustained. INTERACTIVE RESOURCES, INC. shall pay to Edna Jeffrey the sum of ONE THOUSAND DOLLARS ($1,000.00) for removal and replacement of defective gaskets in the solar collector." On November 2, 1978, Mrs. Jeffrey petitioned the court to confirm the award.

On December 29, 1978, respondent court tendered a minute order granting confirmation. In the same minute order, the trial court denied a motion by Interactive to dismiss the individual defendants, petitioners herein, noting that there had been no showing that the individual defendants had been joined in the arbitration proceeding, and that there was nothing before the court upon which a finding could be made as to whether the arbitrator made findings as to their fraud. On January 8, 1979, respondent court entered judgment confirming the arbitration award and lifting the stay which had previously been issued.

On October 5, 1981, the individual defendants, petitioners herein, moved for summary judgment on the grounds that the arbitration award had adjudicated all of the issues material to the individual defendants' liability, and that the doctrine of collateral estoppel prevented real parties from "relitigating" those issues in the superior court. In support of their motion, petitioners attached a declaration from the arbitrator, which appears as an exhibit to the motion. In his declaration the arbitrator identified an accompanying exhibit of some 33 pages as his "notes and findings" with respect to the arbitration, prepared by him subsequent to the taking of testimony and prior to the issuance of his award. Real parties submitted no contradictory declarations in opposi-

tion to the motion but argued that the declaration of the arbitrator and his attached notes should be stricken as improper.

On November 25, 1981, respondent court entered a minute order denying the motion for summary judgment. Petitioners had also moved to sever the collateral estoppel issue, and the court denied that motion as well.

Petitioners contend that the principles of collateral estoppel preclude "relitigation" of real parties' complaints against them.

In *Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807 [122 P.2d 892], the California Supreme Court abandoned the requirement that the plea of res judicata is available only when there is privity and mutuality of estoppel, noting that the courts of most jurisdictions had recognized broad exceptions, "namely, that they are not necessary where the liability of the defendant asserting the plea of res judicata is dependent upon or derived from the liability of one who was exonerated in an earlier suit brought by the same plaintiff upon the same facts." (P. 812.)

The court stated: "Typical examples of such derivative liability are master and servant, principal and agent, and indemnitor and indemnitee. Thus, if plaintiff sues a servant for injuries caused by the servant's alleged negligence within the scope of his employment, a judgment against the plaintiff on the grounds that the servant was not negligent can be pleaded by the master as res judicata if he is subsequently sued by the same plaintiff for the same injuries. Conversely, if the plaintiff first sues the master, a judgment against the plaintiff on the grounds that the servant was not negligent can be pleaded by the servant as res judicata if he is subsequently sued by the plaintiff. In each of these situations the party asserting the plea of res judicata was not a party to the previous action nor in privity with such a party under the accepted definition of a privity set forth above. Likewise, the estoppel is not mutual since the party asserting the plea, not having been a.party or in privity with a party to the former action, would not have been bound by it had it been decided the other way. The cases justify this exception on the ground that it would be unjust to permit one who has had his day in court to reopen identical issues by merely switching adversaries." (Pp. 812-813.)

The Supreme Court thereupon overruled prior decisions which were inconsistent with its opinion and set forth the following rules for deter-

mining the validity of a plea of res judicata: "In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" (*Bernhard* v. *Bank of America, supra,* 19 Cal.2d 807, 813.) Here, the parties agree upon the relevant criteria.

Relying upon the arbitrator's declaration and notes, petitioners contend it is clear that the arbitrator decided all of the issues which real parties now seek to litigate.

■ Summary judgment is an appropriate remedy when the doctrine of res judicata in its subsidiary form of collateral estoppel refutes all triable issues of fact suggested by the pleadings and supporting documents. (*County of Alameda* v. *Sampson* (1980) 104 Cal.App.3d 584, 589-590 [163 Cal.Rptr. 915].) ■ Further, it is settled that evidence extrinsic to the judgment roll may be used to ascertain what issues were determined in the former action. (*Carroll* v. *Puritan Leasing Co.* (1978) 77 Cal.App.3d 481, 491 [143 Cal.Rptr. 772].) ■ An arbitrator's affidavit is admissible to show what matters were submitted for decision and considered by the arbitrator. (*Sapp* v. *Barenfeld* (1949) 34 Cal.2d 515, 523 [212 P.2d 233]; *Jones* v. *Kvistad* (1971) 19 Cal.App. 3d 836, 842 [97 Cal.Rptr. 100].)

■ Each of the five causes of action contained in the complaint included the following allegation: "Plaintiffs are informed and believe and on such information and belief allege that at all times mentioned each of the defendants was the agent and employee of each of the remaining defendants and was, and in doing the things here complained of, acting within the scope of this agency and employment."

The arbitrator's declaration included the following averments: "All of the misrepresentations averred in the 'fraud allegations' were presented at the arbitration as having been made by either Thomas K. Butt, John E. Clinton or Dale A. Sartor. These misrepresentations formed the basis upon which the liability of Interactive Resources, Inc. was being asserted. At no time did any party to the arbitration contend that these individuals were acting outside the course and scope of their employment or agency with Interactive Resources, Inc. After hearing the testimony and reviewing the evidence, I found that the individuals had

committed no fraud, and on that basis I found that Interactive Resources, Inc. was not liable for fraud." Attached to the arbitrator's declaration were 33 pages of detailed findings on factual issues relating to the alleged negligence of the corporation. The arbitrator concluded that the corporation was liable *only* for the defective gaskets in the solar collector.

Since a corporation may act only through its agents, a finding that the corporation was liable only for the defective gaskets on the solar collector can be pleaded by petitioners as res judicata in the subsequent action against them. Thus, applying the rules set forth in *Bernhard* v. *Bank of America, supra*, 19 Cal.2d 807, we conclude, first, that the issues decided in the arbitration proceeding with respect to the first and second causes of action (fraud) and the third cause of action (negligence) were identical with the ones sought to be pursued in the action against petitioners.[2]

Second, we hold that the judgment confirming the arbitration award constitutes a final judgment on the merits. (Code Civ. Proc., § 1287.4.)[3]

Third, we find that Kent Allen Jeffrey, as coowner of the house, although not a party to the contract, is in privity with a party to the prior adjudication, Edna Irene Jeffrey, the other coowner of the house. (*Armstrong* v. *Armstrong* (1976) 15 Cal.3d 942, 951 [126 Cal.Rptr. 805, 544 P.2d 941].)

It is the policy of this state to give effect to arbitration agreements. The application of collateral estoppel, under the circumstances shown to exist in this proceeding, will promote that policy.

Let a peremptory writ of mandate issue directing respondent court to vacate its order denying petitioners' motion for summary judgment and to enter an order granting the motion.

Miller, J., and Smith, J., concurred.

---

[2]Since petitioners were not parties to the contract, the fourth and fifth causes of action (breach of contract and warranty) are not applicable to them.

[3]Section 1287.4 of the Code of Civil Procedure provides: "If an award is confirmed, judgment shall be entered in conformity therewith. The judgment so entered has the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action; and it may be enforced like any other judgment of the court in which it is entered."