[No. B151600. Second Dist., Div. Six. June 24, 2002.]

RONALD J. GRINHAM, Cross-complainant and Appellant, v.
PHILIP FIELDER et al., Cross-defendants and Respondents.

**COUNSEL**

Jerome D. Stark and Frank Peterson for Cross-complainant and Appellant.

Klinedinst, Fliehman & McKillop and Kendra J. Hall for Cross-defendants and Respondents.

**OPINION**

**GILBERT, P. J.**—Parties to a contract which calls for mandatory arbitration, arbitrate an action for breach of contract. One of the parties moves to join third parties to the arbitration. The third parties participate in the arbitration to contest that they are bound by the contract. They prevail. Here we hold that in a later action, the third parties may assert the doctrine of collateral estoppel against a party to the contract and the arbitration. We affirm the summary judgment in favor of Philip and Judy Fielder.

FACTS

On September 7, 1999, Triple A Machine Shop (Triple A) obtained a judgment in Contra Costa County for $14,822, plus costs and interest, against Ronald J. Grinham. The judgment was unsatisfied and on August 4, 2000, Triple A brought an action in Ventura County against appellant Grinham and others to set aside allegedly fraudulent property transfers by Grinham.

Grinham cross-complained against respondents Philip and Judy Fielder, alleging causes of action for declaratory relief and contribution. The Fielders answered the cross-complaint and pleaded the defenses of res judicata and collateral estoppel. They also sought summary judgment based upon those defenses.

Documents and declarations offered in support of and in opposition to the summary judgment motion established this:

On October 14, 1997, Triple A entered into a written agreement with "Hydrex Termite Pest Control Co. San Jose" for repair of stress fractures in a concrete floor, sealing of the concrete floor with epoxy coating, and treatment of the base of interior walls in its machine shop premises in San Pablo. Grinham executed the agreement as "Contractor."

Triple A was dissatisfied with the work performed and brought an action for breach of contract against Grinham and "Hydrex Termite Pest Control Co. San Jose." Triple A joined the Fielders and "Hydrex Pest Control of Santa Clara County," as Grinham's employers, after it learned that "Hydrex Termite Pest Control Co. San Jose" did not exist.

The written construction agreement provided for mandatory arbitration. On June 16, 1999, Triple A, Grinham, and the Fielders appeared before an arbitrator. The Fielders objected that they were not parties to the contract with Triple A, and therefore were not obligated to arbitrate the construction dispute. Nevertheless, they participated in the arbitration and presented testimony regarding their non-liability. Grinham, although hospitalized, offered his declaration and appeared through his attorney.

The arbitrator decided that Grinham was liable to Triple A for $14,822, plus interest. He also decided that the Fielders, both individually and doing business as Hydrex Pest Control of Santa Clara County were not liable to Triple A because Grinham exceeded the scope of his authority as their actual or ostensible agent. The arbitrator found that Grinham used "an unregistered fictitious business name of Hydrex Pest Control San Jose" in order "to mislead" Triple A.

The arbitrator reasoned that the "exact identity" of the contractor was "the subject of this dispute." He also stated that the dispute concerned "a question of credibility," because Grinham's declaration and the Fielders' testimony regarding the scope of his authority as their employee and agent differed.

Triple A moved to confirm the arbitrator's award. On September 7, 1999, the Superior Court of Contra Costa County confirmed the award and entered judgment. Grinham did not appeal.

In opposition to the Fielders' summary judgment motion, Grinham declared that he acted as their agent, within the scope and authority of his agency, when he contracted with Triple A. He declared that he was the qualifying employee and manager of "Hydrex Pest Control of Santa Clara," and was "the person who was required to determine the treatment and/or services to be rendered on any given job." Grinham also stated that the

Fielders' business address is in San Jose and that an employee "answer[s] the telephone 'Hydrex Pest Control of San Jose.' "

The trial court reasoned that the arbitrator decided that Grinham "fraudulently used [the] Fielders' business name . . . to defraud Triple A[] and that [the] Fielders had no liability." It then granted summary judgment based upon principles of collateral estoppel.

Grinham appeals and contends that the trial court erred by granting summary judgment because 1) the Fielders, being nonparties to the construction agreement and the arbitration, cannot rely upon the arbitrator's findings and decision and 2) the summary judgment motion did not defeat the asserted cause of action for declaratory relief resting upon comparative indemnity.

## DISCUSSION

### I.

Grinham argues that the Fielders may not rely upon the arbitration findings as collateral estoppel because they are third parties to the arbitration who "specially appeared." He relies upon *Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 834 [88 Cal.Rptr.2d 366, 982 P.2d 229] ("[A] private arbitration award, even if judicially confirmed, can have no collateral estoppel effect in favor of third persons unless the arbitral parties agreed, in the particular case, that such a consequence should apply.") and *Benasra v. Mitchell Silberberg & Knupp* (2002) 96 Cal.App.4th 96 [116 Cal.Rptr.2d 644] (arbitration panel's ruling concerning disqualification of counsel was collateral to arbitration and not entitled to collateral estoppel). Grinham points out that the Fielders objected to the arbitration, claiming that they were not parties to the construction agreement. He adds that the arbitrator stated that the Fielders contested jurisdiction and that the arbitrator ultimately found that they were "not bound to arbitrate th[e] dispute" with Triple A because they were not parties to the construction agreement.

A defendant or cross-defendant may obtain a summary judgment by establishing "a complete defense" to a cause of action. (Code Civ. Proc., § 437c, subd. (o)(2); *Pensinger v. Bowsmith, Inc.* (1998) 60 Cal.App.4th 709, 718 [70 Cal.Rptr.2d 531].) "Summary judgment is an appropriate remedy when the doctrine of res judicata in its subsidiary form of collateral estoppel refutes all triable issues of fact suggested by the pleadings and supporting documents." (*Sartor v. Superior Court* (1982) 136 Cal.App.3d 322, 327 [187 Cal.Rptr. 247] [res judicata precluded subsequent lawsuit

against individual employees after arbitrator found corporation not liable for negligence or fraud].)

When reviewing a summary judgment, we exercise our independent judgment to determine whether the moving party is entitled to summary judgment as a matter of law. (*Pensinger v. Bowsmith, Inc., supra,* 60 Cal.App.4th 709, 717.) In this task, we resolve any doubts in favor of the party resisting the summary judgment. (*Ibid.*)

To successfully assert the doctrine of collateral estoppel, the proponent must establish that an issue raised in the present action is identical to one litigated in a prior proceeding, that the prior proceeding resulted in a final judgment on the merits, and that the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding. (*Brinton v. Bankers Pension Services, Inc.* (1999) 76 Cal.App.4th 550, 556 [90 Cal.Rptr.2d 469] [res judicata applied to claim determined in prior arbitration proceeding].) The preclusive effect of an arbitration award, however, is limited unless the arbitrating parties have agreed that third parties may apply the doctrine to the arbitrator's findings. (*Vandenberg v. Superior Court, supra,* 21 Cal.4th 815, 833-834; *Brinton v. Bankers Pension Services, Inc., supra,* 76 Cal.App.4th 550, 556.)

The trial court properly granted summary judgment because the issues of Grinham's actual or ostensible agency and the Fielders' liability for his actions were determined in the arbitration proceeding. The arbitrator specifically found that Grinham acted outside his actual agency or scope of employment when he entered into the Triple A agreement under a fictitious business name but with the Fielders' business address and telephone number.

It is true that the Fielders contested jurisdiction during the arbitration, asserting that they were not the owners of "Hydrex Termite Pest Control Co. San Jose," and that they did not enter into the contract with Triple A. They participated in the arbitration completely, however, and presented testimony and raised legal arguments concerning Grinham's actual and ostensible authority to bind Hydrex Pest Control of Santa Clara County to a construction contract with Triple A. The arbitrator recognized that the arbitration primarily concerned who contracted with Triple A to repair and seal the concrete floor. Moreover, the arbitration award recognized the Fielders and Hydrex Pest Control of Santa Clara County as parties to the proceeding who contested liability and who were entitled to recover costs of suit. These circumstances differ from *Vandenberg v. Superior Court, supra,* 21 Cal.4th 815, where a nonparty to the arbitration sought to apply collateral estoppel to the arbitrator's findings in a subsequent suit.

## II.

Grinham also asserts that the Fielders did not defeat the cause of action for declaratory relief which he claims is based upon comparative indemnity, not contribution.

The arbitrator's findings, however, state that Grinham misled Triple A concerning his authority and that he acted outside his actual agency in entering into the construction agreement and performing construction work for Triple A. The arbitrator stated that Grinham committed "wrongful" acts with the intent to mislead Triple A, and that he acted "in conscious disregard of the rights" of the Fielders. The arbitrator's findings are also conclusive regarding a cause of action for comparative indemnity, an action that is rooted in equity.

In view of our resolution, it is not necessary to discuss Grinham's final contention regarding triable issues of material fact concerning the scope of his agency for the Fielders and their ratification of the Triple A construction agreement.

The judgment is affirmed. Grinham shall bear costs on appeal.

Yegan, J., and Perren, J., conccurred.