Filed 7/14/23  TriCoast Builders v. Travelers Commercial Ins. Co. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TRICOAST BUILDERS, INC., | B314073 |
| Plaintiff and Appellant, | Los Angeles County Super. Ct. No. BC647811 |
| v. | |
| TRAVELERS COMMERCIAL INSURANCE COMPANY et al., | |
| Defendants and Respondents. | |

APPEAL from judgments of the Superior Court of Los Angeles County, Malcolm H. Mackey, Judge. Affirmed.

Connette Law Office and Michael Connette for Plaintiff and Appellant.

Usery & Associates and Kathleen M. DeLaney for Defendant and Respondent Travelers Commercial Insurance Company.

Marcus, Watanabe & Enowitz and Daniel J. Enowitz for Defendant and Respondent MUFG Union Bank, N.A.

## INTRODUCTION

Two homeowners hired plaintiff and appellant TriCoast Builders, Inc. (TriCoast) to rebuild their home after a devastating fire. Litigation eventually ensued and, in a prior appeal, we affirmed a judgment entered pursuant to an arbitration award in favor of the homeowners. The arbitrator determined that the homeowners owed TriCoast roughly $5,000 for work performed, which amount was offset by more than $130,000 in damages TriCoast owed the homeowners relating to defective construction and work performed by unlicensed subcontractors.

After the remittitur issued in the prior appeal, the trial court entered judgments of dismissal in favor of defendants and respondents Travelers Commercial Insurance Company (Travelers) and MUFG Union Bank, N.A. (Union Bank), the homeowners' property insurer and mortgage lender, respectively. TriCoast had asserted a cause of action styled as "breach of the obligation to pay money" against both entities, alleging that they had a responsibility to pay TriCoast for work performed for the homeowners by virtue of the homeowners' property insurance coverage. Citing principles of res judicata, both entities asserted that the arbitrator's finding that the homeowners did not owe TriCoast any money for work performed (after accounting for offsets) barred TriCoast from seeking the same damages from them. We agree and affirm the judgments of dismissal.

## FACTS AND PROCEDURAL BACKGROUND

### 1. Background

On January 1, 2015, the homeowners' Los Angeles residence caught fire and suffered significant damage. That day, a representative from TriCoast approached the homeowners

offering emergency services, i.e., to board up and secure the property. The homeowners and TriCoast signed a single-page work authorization agreement (work authorization) to that effect. The work authorization included a notice to Travelers and Union Bank by which the homeowners instructed those entities to send payment for services rendered directly to TriCoast.

Due to the extent of the fire damage, large portions of the residence needed to be reconstructed. The homeowners retained TriCoast to rebuild their home as reflected in a home improvement agreement dated May 4, 2015 (May 4 agreement.)

## 2. The Lawsuit, Arbitration, and Prior Appeal

At some point, the relationship between the homeowners and TriCoast soured. In January 2017, TriCoast filed the present lawsuit against the homeowners, Travelers, and Union Bank. The complaint contains four causes of action styled as breach of obligation to pay money, breach of written contract, foreclosure of mechanic's lien, and reasonable value of labor and materials furnished. With respect to each of the four causes of action, TriCoast seeks to recover $128,187.34 for work it has performed at the homeowners' residence for which it has not been paid.

Citing the May 4 agreement's arbitration provision, the homeowners petitioned the court to stay the action and compel arbitration of their disputes with TriCoast. The court granted the petition. The arbitrator heard testimony and received documentary evidence over the course of five days in August and September 2018. TriCoast sought to recover the $128,187.34 damages set forth in its complaint. The homeowners sought damages against TriCoast relating to overpayments, work performed by unlicensed subcontractors, and defective construction.

3

The arbitrator determined that the homeowners owed TriCoast $4,826.77 for work performed under the May 4 agreement. That amount was offset, however, by the homeowners' damages: $55,711 the homeowners paid TriCoast for work performed by unlicensed subcontractors and $75,056.42 relating to the repair or correction of defective construction. The total arbitration award in favor of the homeowners was $125,940 in damages and $8,749.99 in costs. The court confirmed the arbitration award and entered judgment in favor of the homeowners on May 2, 2019. TriCoast appealed and we affirmed the judgment. (*TriCoast Builders, Inc. v. Barnhisel et al.* (Feb. 2, 2021, B298947) [nonpub. opn.].)

### 3. Post-Appeal Trial Court Proceedings; Appeal

After we issued the opinion in the prior appeal, the trial court held a status conference and issued an order to show cause as to why the case against Travelers and Union Bank should not be dismissed. Both defendants argued that principles of res judicata barred TriCoast's claims against them. Travelers submitted a brief explaining that TriCoast's only claim against it, styled as "breach of the obligation to pay money," was predicated on the allegation that the homeowners owed TriCoast payment for work performed on their home. According to the complaint, Travelers was obligated by the terms of the work authorization to pay any insurance claims by the homeowner directly to TriCoast. But as Travelers noted, the arbitrator had determined that, after offsets, the homeowners did not owe any money to TriCoast. In short, Travelers contended, because the homeowners owed nothing to TriCoast, Travelers, as their insurer, also owed nothing to TriCoast. Accordingly, Travelers asserted that the

4

court should reject TriCoast's bid to relitigate its claim and dismiss the case against Travelers with prejudice.

Union Bank also filed a brief asking the court to dismiss the case against it. Like Travelers, Union Bank explained that TriCoast's theories of liability presumed that the homeowners owed TriCoast money for work performed. As to the claim for "breach of the obligation to pay money," the complaint alleged that Union Bank failed to pay TriCoast for services rendered to the homeowners. Union Bank argued that because the arbitrator determined that the homeowners owed no money to TriCoast, the derivative claim against Union Bank was barred. And as to TriCoast's third cause of action, which sought to foreclose its mechanic's lien on the homeowner's property, Union Bank noted the arbitrator found that TriCoast had no basis to assert a lien on the homeowners' property. Any claim relating to that lien was, therefore, also barred.

In opposition, TriCoast argued that neither Travelers nor Union Bank could use the arbitrator's factual findings to defeat TriCoast's claims. Mainly, TriCoast asserted that the arbitrator's award could not have any preclusive effect as to Travelers or Union Bank because they were not parties to the arbitration. Also, TriCoast contended, the cause of action for "breach of obligation to pay money" was distinct and involved different issues than the breach of contract cause of action which was resolved in the arbitration. TriCoast also claimed that the homeowners had falsified invoices submitted to Travelers and that Travelers made misrepresentations to TriCoast in order to allow the homeowners to "pocket money owed to TriCoast." On that basis, TriCoast requested the opportunity to amend its complaint to include causes of action for fraud and equitable

indemnity against Travelers. TriCoast conceded, however, that it had no basis to foreclose on its mechanic's lien.

The court heard the matter on May 13, 2021 and ruled that principles of res judicata bar TriCoast from proceeding against Travelers and Union Bank. Specifically, the court found that TriCoast's claim against those defendants is derivative of its claim against the homeowners. Therefore, the court found, TriCoast is barred from seeking the same damages it sought from the homeowners (and failed to recover in the arbitration) against Travelers and Union Bank directly. The court entered judgments of dismissal in favor of Travelers and Union Bank on July 6, 2021.

TriCoast timely appeals.

## DISCUSSION

As noted, the trial court relied on principles of res judicata to find that the judgment against TriCoast and in favor of the homeowners bars TriCoast's claims against Travelers and Union Bank. TriCoast challenges the court's ruling on several grounds, which we address in turn.

"The claim preclusion doctrine, formerly called res judicata, 'prohibits a second suit between the same parties on the same cause of action.' (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 792 (*Boeken*).) 'Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit.' (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824 (*DKN Holdings*).)" (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 91.) Claim preclusion also applies to parties in privity with the parties to the first judgment. (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896 (*Mycogen Corp.*).)

6

Although res judicata is usually applied based on a prior judicial decision, a prior judgment confirming an arbitration award may, in some circumstances, bar a subsequent claim based on the same cause of action. (See Code Civ. Proc., § 1287.4; *Richard B. LeVine, Inc. v. Higashi* (2005) 131 Cal.App.4th 566, 576–579; *Brinton v. Bankers Pension Services, Inc.* (1999) 76 Cal.App.4th 550, 556–558; *Thibodeau v. Crum* (1992) 4 Cal.App.4th 749, 755 (*Thibodeau*); *Sartor v. Superior Court* (1982) 136 Cal.App.3d 322, 328 (*Sartor*); cf. *Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 824, fn. 2 (*Vandenberg*) ["Nothing in our decision imposes or implies any limitations on the strict res judicata, or 'claim preclusive,' effect of a California law private arbitration award."].) "A predictable doctrine of res judicata benefits both the parties and the courts because it 'seeks to curtail multiple litigation causing vexation and expense to the parties and wasted effort and expense in *judicial administration*.' [Citation.]" (*Mycogen Corp., supra*, 28 Cal.4th at p. 897; see also *Vandenberg*, at p. 829 [noting the purpose of the res judicata doctrine is "to preserve the integrity of the judicial system, promote judicial economy, and protect litigants from harassment by vexatious litigation"].) The application of the doctrine of res judicata is an issue of law we review de novo. (E.g., *Association of Irritated Residents v. Department of Conservation* (2017) 11 Cal.App.5th 1202, 1218.)

Citing *Vandenberg,* TriCoast asserts that res judicata is inapplicable in the present case because an arbitration award has no nonmutual preclusive effect. Here, as TriCoast notes, Travelers and Union Bank were not parties to the arbitration proceeding. And *Vandenberg* held that "a private arbitration award, even if judicially confirmed, may not have nonmutual

7

collateral estoppel effect under California law unless there was an agreement to that effect in the particular case." (*Vandenberg, supra,* 21 Cal.4th at p. 824.) Seizing on that language, TriCoast argues that the award in favor of the homeowners should not preclude it from pursuing its claims against Travelers and Union Bank.

We reject this argument because *Vandenberg* expressly limited its holding: "Our holding is narrowly circumscribed. Nothing in our decision imposes or implies any limitations on the strict res judicata, or 'claim preclusive,' effect of a California law private arbitration award." (*Vandenberg, supra,* 21 Cal.4th at p. 824, fn. 2.) The high court cited *Sartor* and *Thibodeau* as examples of the types of cases to which its holding did not apply. The *Vandenberg* court summarized *Thibodeau* as holding that an "unconfirmed award in private arbitration between homeowner and general contractor is res judicata barring homeowner's identical claim against subcontractor." (*Ibid.*) In addition, the court described *Sartor* as holding that a "confirmed private arbitration award in favor of architectural firm is res judicata barring homeowner's identical causes of action against firm's employees." (*Ibid.*) In both cases, the preclusive effect of the arbitration award applied to claims predicated on the defendant's derivative liability. In *Sartor,* the corporation's liability was derivative of its agent's liability, and in *Thibodeau,* the general contractor's liability was derivative of its subcontractor's liability. (*Sartor, supra*, 136 Cal.App.3d at p. 328; *Thibodeau, supra*, 4 Cal.App.4th at p. 757.)

Our high court touched on this issue more recently in *DKN Holdings* and, in distinguishing derivative liability from joint and several liability, clarified the application of the claim preclusion

8

doctrine in cases involving derivative liability: "[I]n *Lippert v. Bailey* (1966) 241 Cal.App.2d 376, the plaintiff was precluded from suing insurance agents after he settled with the insurance company for the same loss. Because these agents had no liability apart from that of their principal (*id.* at p. 382), the defendants were in privity with the insurance company, and were thus effectively the same parties for purposes of preclusion. *When a defendant's liability is entirely derivative from that of a party in an earlier action, claim preclusion bars the second action because the second defendant stands in privity with the earlier one.* [Citations.] The nature of derivative liability so closely aligns the separate defendants' interests that they are treated as identical parties. [Citation.] Derivative liability supporting preclusion has been found between a corporation and its employees [citations], a general contractor and subcontractors [citation], an association of securities dealers and member agents [citation], and among alleged coconspirators [citation]." (*DKN Holdings, supra,* 61 Cal.4th 813 at pp. 827–828, italics added.)

TriCoast's claims against Travelers and Union Bank are subject to claim preclusion because those claims are premised exclusively on the defendants' derivative liability for the debts of the homeowners. As explained *ante*, the complaint does not allege that either Travelers or Union Bank has a direct relationship with TriCoast. Instead, TriCoast alleges that the homeowners owe it roughly $128,000 for work performed at their residence. As to Travelers and Union Bank, TriCoast seeks to recover the homeowners' $128,000 debt from them based on the assumption that the work TriCoast performed for the homeowners falls within the scope of the homeowners' property insurance coverage. TriCoast alleges that Travelers and Union Bank owe it "an

obligation to pay money" because the work authorization directed them to send insurance claims payments relating to TriCoast's work at the homeowners' residence to TriCoast directly. As noted, however, the arbitrator determined that the homeowners owed TriCoast nothing for work performed at their residence after accounting for offsets. A debt owing from the homeowners to TriCoast relating to TriCoast's work is a necessary predicate for TriCoast's claims against Travelers and Union Bank. Because those defendants' liability is derivative only, TriCoast's claims against them are barred by the judgment in favor of the homeowners.

TriCoast also asserts that Travelers and Union Bank cannot assert that claim preclusion applies because they did not participate in the arbitration. As already noted, however, claim preclusion may be asserted by nonparties to a prior judgment if they are in privity with a party to that judgment. Here, as already noted, if Travelers or Union Bank were to owe any money to TriCoast, it would be because they stand in the shoes of the homeowners as their insurer and mortgage lender. As such, they are in privity with the homeowners. (See, e.g., *Grande v. Eisenhower Medical Center* (2022) 13 Cal.5th 313, 326 [describing privity as " 'the sharing of "an identity or community of interest," with "adequate representation" of that interest in the first suit, and circumstances such that the nonparty "should reasonably have expected to be bound" by the first suit' "].)

Finally, TriCoast appears to argue that its discovery of "new facts" bars the application of res judicata and required the court to allow it to amend its complaint. The argument relates to an issue we addressed briefly in our prior opinion. "As we understand it, TriCoast asked the arbitrator to continue the

arbitration so that it could conduct discovery, i.e., request documents from and depose a representative of the homeowners' insurer. Apparently, TriCoast believed the homeowners may have submitted to their insurer falsified invoices purporting to be from TriCoast. TriCoast claims it was prejudiced by the arbitrator's denial of its request for a continuance because it was not allowed sufficient time and latitude to conduct discovery on this issue.

"We disagree because it is not apparent how TriCoast's allegations, even if proven, could have impacted the arbitration between the homeowners and TriCoast. The issues before the arbitrator related to the value of TriCoast's work, its entitlement to payment from the homeowners, and the harm suffered by the homeowners due to defective construction. The arbitrator relied on the evidence submitted by the parties on those issues. TriCoast has not explained how communications between the homeowners and their insurer—truthful or fraudulent—have any bearing on those issues. Accordingly, we conclude TriCoast failed to establish that it was prejudiced by the arbitrator's denial of its request for a continuance." (*TriCoast Builders, Inc. v. Barnhisel et al., supra,* B298947 [p. 19].)

In the present appeal, TriCoast again invokes the specter of fraudulent conduct by the homeowners which, TriCoast alleges, it did not discover until more than a year after it filed its complaint. TriCoast seems to suggest that the homeowners fabricated, and may have collected on, falsified invoices that appeared to be from TriCoast. And TriCoast now complains that the court refused to allow it to amend its complaint to include these allegations. We are still puzzled, however, as to how this conduct, even if proven, impacted *TriCoast* because it has already been fully paid for its work. In other words, TriCoast fails to establish that the court's

11

denial of the opportunity to amend its complaint, if erroneous, was prejudicial. (Cal. Const., art VI, § 13 [judgment or order cannot be reversed on appeal unless it is both erroneous and prejudicial, i.e., results in a miscarriage of justice].)

## DISPOSITION

The judgments of dismissal are affirmed. Respondents Travelers Commercial Insurance Company and MUFG Union Bank, N.A., shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

EGERTON, J.