Filed 10/25/24  Built Pacific v. Denning Moores CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| BUILT PACIFIC, INC., | D081638 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2020-00032524-CU-PN-CTL) |
| DENNING MOORES, APC, | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of San Diego County, Carolyn M. Caietti, Judge.  Affirmed.

Diefenbach Law Group and James C. Diefenbach for Plaintiff and Appellant.

Denning Moores, Christina M. Denning, Natalia D. Smith, and Jennifer S. Hegemier for Defendant and Respondent.


Built Pacific, Inc. (BPI) appeals a judgment in its action against Denning Moores, APC (DM) for legal malpractice.  BPI contends the superior court erroneously sustained without leave to amend DM's demurrer made on the ground the action was barred by an arbitration award DM had obtained

against BPI in a dispute regarding attorney fees. DM defends the court's ruling and asks us to sanction BPI for pursuing a frivolous appeal. We affirm the judgment and deny the sanctions request.

I.

BACKGROUND

A. *DM's Representation of BPI*

BPI retained DM in June 2018 to take over its representation in an action BPI had filed against a school district for terminating a contract with BPI for the demolition, relocation, installation, and site work for various relocatable buildings. The retainer agreement required BPI to pay DM hourly fees for attorneys and paralegals, a percentage of any recovery from the school district exclusive of costs, and any fees and charges of expert witnesses, consultants, or investigators hired by DM. The agreement contained a provision requiring binding arbitration of "[a]ny controversy between the parties regarding the construction, application or performance of any services under the Agreement, and any claim arising out of or relating to this Agreement or its breach, including but not limited to claims of malpractice."

In March 2019, DM retained Xpera Consulting Services, Inc. (Xpera) to provide expert opinion on an issue at a mediation with the school district. BPI paid Xpera $19,159 but objected to later bills as "excessive" and did not pay them. BPI also objected to DM's bills as "excessive and unconscionable." BPI's nonpayment of the bills prompted DM to apply to withdraw from representing BPI, and the superior court granted the application in September 2019. Xpera demanded payment the following month, and DM, BPI's new counsel, and Xpera's counsel exchanged e-mails about the matter. In an e-mail dated November 13, 2019, BPI's counsel stated that DM was

2

supposed to manage the scope of Xpera's work, "none of the work starting with the July invoices was authorized other than attending [a] deposition and settlement meeting," and an August 31, 2019 invoice for $37,000 was "entirely unauthorized." BPI paid neither DM nor Xpera for all amounts billed.

B.     *Arbitration*

In December 2019, DM demanded arbitration of its payment dispute with BPI.[1] An arbitrator selected by the parties held a hearing over three days in April 2021 and issued an award in May 2021. The arbitrator stated in the award that in defense against DM's claim for payment, BPI "presented a skein of offset arguments related to deficient work and conduct alleged to have constituted malpractice." Specifically, BPI argued DM "mishandled" depositions of BPI's "majority owner" (Ahmed Salem) and of subcontractors' persons most knowledgeable by failing to elicit favorable testimony; "mishandled" several mediation sessions by not properly presenting damages; "mishandled" the filing and pursuit of a motion; and committed "malfeasance" by requesting a trial advance and then withdrawing as counsel when BPI denied the request. The arbitrator found BPI "failed to make a credible showing of legal work performed below industry standards," denied offsets, and awarded DM $162,596.03 in fees and costs. The superior court confirmed the arbitration award as a judgment in January 2022.

C.     *Litigation*

On April 21, 2020, while the arbitration was pending, BPI sent DM a copy of a complaint BPI intended to file against DM and Xpera in the

---

[1]     DM also demanded arbitration with two individuals who had retained DM to defend them against a cross-complaint filed in BPI's action against the school district. Those individuals are not parties to this appeal or to the underlying action.

3

superior court. The complaint asserted counts for legal malpractice and breach of fiduciary duty against DM and counts for breach of fiduciary duty, professional malpractice, unfair business practices, and fraud against Xpera. BPI did not file that complaint and instead eliminated the counts against DM and filed a complaint against only Xpera on September 16, 2020.

On October 13, 2021, BPI amended the complaint to add DM as a defendant and to add the claims for legal malpractice and breach of fiduciary duty that were included in the copy of the complaint BPI had sent DM in April 2020. In the legal malpractice count, BPI alleged that DM failed to properly examine Salem and subcontractors' persons most knowledgeable at depositions, failed to properly present damages at mediations and settlement meetings, and failed to properly monitor and supervise Xpera's work for the mediations. In the breach of fiduciary duty count, BPI alleged that "DM either authorized work by Xpera without BPI's consent or failed to monitor the work performed by Xpera." BPI sought compensatory damages, attorney fees, and costs.

DM demurred to both claims asserted against it in the amended complaint. It argued the legal malpractice claim was barred by the arbitration award under principles of preclusion. DM argued both claims were barred by the provision of the statute of limitations requiring the claims be filed within one year of discovery of the underlying wrongful acts or omissions. (See Code Civ. Proc., § 340.6, subd. (a)). In support of the demurrer, DM requested the superior court take judicial notice of the judgment confirming the arbitrator's award, two motions DM had filed in the arbitration, a motion for sanctions DM filed in the proceeding to confirm the arbitration award, the petition BPI filed in the superior court to stay the

4

arbitration, and DM's notice of intent to file a motion for sanctions in the proceeding to stay the arbitration.

In opposition to the demurrer, BPI argued the arbitration award did not preclude its claim for legal malpractice, because the full extent of its damages was unknown at the time of the arbitration and prevented the claim from then being ripe for adjudication. It argued the legal malpractice claim was timely under the provision of the statute of limitations requiring commencement within four years of the date of the underlying wrongful act or omission, and the statute was tolled until all of the damages associated with its lawsuit against the school district accrued. (See Code Civ. Proc., § 340.6, subd. (a)(1)). BPI argued the breach of fiduciary duty count was timely under the four-year limitations period applicable to "[a]n action for relief not hereinbefore provided for . . . ." (*Id.*, § 343; *William L. Lyon & Associates, Inc. v. Superior Court* (2012) 204 Cal.App.4th 1294, 1312 ["Breach of fiduciary duty not amounting to fraud or constructive fraud is subject to the four-year 'catch-all statute' of Code of Civil Procedure section 343."].) BPI neither objected to DM's request for judicial notice in the memorandum filed in opposition to the demurrer nor filed a separate opposition to the request.

The superior court held a hearing and later issued a minute order. The court denied DM's request for judicial notice of the two motions it had filed in the arbitration and granted the request as to the judgment confirming the arbitration award and other documents. The court sustained the demurrer to the legal malpractice count without leave to amend, on the ground it was "evident from the arbitration award that [BPI] did litigate the malpractice claim during the arbitration proceedings." The court overruled the demurrer to the breach of fiduciary duty count, on the ground it was "unclear based on the pleadings when the statute of limitations began to run."

5

DM later moved for summary judgment or adjudication of the breach of fiduciary duty count on the ground it was barred by the statute of limitations. Over BPI's opposition, the superior court granted the motion. Based on this ruling and the prior ruling on DM's demurrer, the court entered a separate judgment that BPI take nothing from DM. At oral argument on BPI's appeal from the judgment, the parties advised this court that the ruling on the summary adjudication motion was no longer at issue because the dispute between BPI and the school district upon which the breach of fiduciary duty count was based had settled. We therefore do not discuss that ruling further.

## II.

## DISCUSSION

### A. *Demurrer Ruling*

BPI attacks on two grounds the superior court's order sustaining DM's demurrer to the legal malpractice count without leave to amend. BPI first complains the court abused its discretion by taking judicial notice of the arbitration award, because, BPI says, "its prejudicial value far outweigh[ed] [its] probative value." BPI next complains the court abused its discretion by sustaining the demurrer to the legal malpractice claim. BPI argues "it could not have litigated the issue of its legal malpractice claims [in the arbitration] because the damages are still unknown and continuing to accrue, preventing these issues from being ripe for adjudication." Neither ground urged by BPI is persuasive.

#### 1. *Judicial notice*

BPI did not preserve for appeal its challenge to the ruling on DM's request for judicial notice of the arbitration award. By failing to object to the request in the superior court, BPI forfeited that challenge. (Evid. Code, § 353, subd. (a) [no reversal for erroneous admission of evidence without

6

timely objection]; *Younan v. Caruso* (1996) 51 Cal.App.4th 401, 406, fn. 3 [appellant's "failure to timely object to the propriety of judicial notice in opposition to [respondent's] dismissal motion is deemed a waiver of that objection"].)

The challenge to the judicial notice ruling also lacks merit. We review the ruling for abuse of discretion. (*Physicians Committee for Responsible Medicine v. Los Angeles Unified School Dist.* (2019) 43 Cal.App.5th 175, 182; *Savea v. YRC, Inc.* (2019) 34 Cal.App.5th 173, 182.) Judicial notice may be taken of a record of a state court. (Evid. Code, § 452, subd. (d).) The arbitration award was attached as an exhibit to a superior court judgment confirming the award and so was subject to judicial notice as a court record. A court may consider a document subject to judicial notice when ruling on a demurrer. (Code Civ. Proc., § 430.30, subd. (a).) The arbitration award was highly relevant to the preclusion defense DM asserted. (See Evid. Code, § 210 [evidence is relevant if it has "any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action"]; *Frommhagen v. Board of Supervisors* (1987) 197 Cal.App.3d 1292, 1299 (*Frommhagen*) [if allegations of complaint or facts subject to judicial notice show complaint is barred by prior adjudication, court may properly sustain demurrer].) BPI has not explained how taking judicial notice of the arbitration award "create[d] substantial danger of undue prejudice" (Evid. Code, § 352), i.e., a "tend[ency] to evoke an emotional bias against [BPI]" with "very little effect on the issues" (*Scott v. C.R. Bard, Inc.* (2014) 231 Cal.App.4th 763, 782). BPI thus has not met its burden to show the superior court " 'exceed[ed] the bounds of reason' " when it took judicial notice of the arbitration award. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566; see *Greenspan v. LADT, LLC* (2010) 191 Cal.App.4th 486, 503, 525 [court

7

properly took judicial notice of arbitration award confirmed as judgment when award was relevant to issue on which court ruled].)

### 2. *Merits of ruling*

BPI has shown no reversible error in the trial court's order sustaining the demurrer to the legal malpractice claim without leave to amend. A demurrer is properly sustained if the allegations of the complaint and the judicially noticed documents show the challenged claim is barred by a prior decision. (*Nicholson v. Fazeli* (2003) 113 Cal.App.4th 1091, 1100; *Frommhagen, supra,* 197 Cal.App.3d at p. 1299.) "We review the trial court's sustaining of a demurrer de novo and apply the abuse of discretion standard in reviewing the court's denial of leave to amend. [Citation.] 'On appeal from a judgment of dismissal following the sustaining of a demurrer without leave to amend, the appellant "has the burden to show either the demurrer was sustained erroneously or that to sustain the demurrer without leave to amend constitutes an abuse of discretion." ' " (*Feliz v. County of Orange* (2023) 91 Cal.App.5th 927, 932–933 (*Feliz*).) BPI has not met that burden.

The superior court correctly ruled the arbitration award barred BPI's malpractice claim. A judgment confirming an arbitration award constitutes a final judgment on the merits and bars a party to the award from later relitigating against the other party any issue that was necessarily decided in the arbitration proceeding. (*JPV I L.P. v. Koetting* (2023) 88 Cal.App.5th 172, 192; *Grinham v. Fielder* (2002) 99 Cal.App.4th 1049, 1054; *Sartor v. Superior Court* (1982) 136 Cal.App.3d 322, 328.) One issue the arbitrator considered was BPI's contention that against the fees and costs DM claimed "there should be an offset *for deficient work or conduct constituting malpractice.*" (Italics added.) The alleged malpractice the arbitrator considered was DM's handling of several depositions, several mediation sessions, and a pretrial

8

motion.  In the legal malpractice claim BPI later asserted against DM in the superior court, BPI alleged DM failed to properly conduct depositions, failed to properly present damages at mediations, and failed to properly supervise Xpera's work for the mediations.  To prevail on that claim, BPI would have to prove DM breached its duty "to use such skill, prudence, and diligence as members of [its] profession commonly possess and exercise." (*Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1199.)  But it cannot do so because relitigation of that issue is barred by the arbitrator's finding that BPI "failed to make a credible showing of legal work performed below industry standards."  Since BPI's inability to prove the essential breach element of its claim "is fatal to recovery" (*Nichols v. Keller* (1993) 15 Cal.App.4th 1672, 1682), the superior court correctly sustained DM's demurrer to the legal malpractice claim.

Neither case BPI cites requires reversal of the demurrer ruling.  In *Chavez v. Carter* (1967) 256 Cal.App.2d 577, 582–583 (*Chavez*), the Court of Appeal held a claim for legal malpractice was not barred by the plaintiff's failure to assert the claim as a counterclaim in an earlier action by his attorney against him to recover fees, because the malpractice claim had not fully accrued at the time the attorney sued the plaintiff for fees.  In *Budd v. Nixen* (1971) 6 Cal.3d 195, 200–201 (*Budd*), the Supreme Court held a claim for legal malpractice does not accrue until the client suffers injury as a result of the attorney's negligence.  The accrual of BPI's claim for legal malpractice is irrelevant to the type of preclusion at issue here.  Accrual may be relevant to *claim* preclusion (or res judicata), which bars relitigation of *claims that could have been but were not asserted* in a prior action between the parties that resulted in a final judgment on the merits.  (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 823–824; *Wassmann v. South Orange County*

9

*Community College Dist.* (2018) 24 CalApp.5th 825, 844.)  But accrual is not relevant to *issue* preclusion (or collateral estoppel), which bars relitigation of *issues that were actually litigated and decided* in a prior action between the parties that has gone to final judgment on the merits.  (*DKN Holdings*, at pp. 824–825; *Frommhagen, supra*, 197 Cal.App.3d at p. 1299.)  In the arbitration, BPI raised the *issue* of DM's malpractice by seeking an offset against the fees and costs DM was seeking, and the arbitrator determined DM had not committed malpractice.  It is the *issue*-preclusive effect of the arbitration award, *not* its *claim*-preclusive effect, that bars BPI's legal malpractice claim.  The cases BPI cites about accrual of its claim are therefore not on point.

BPI also has shown no error in the superior court's decision to sustain the demurrer without leave to amend.  As the appellant, BPI has the burden to show how it could amend its pleading to avoid the preclusive effect of the arbitration award.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Srouy v. San Diego Unified School Dist.* (2022) 75 Cal.App.5th 548, 559.)  It has made no effort to do so in its briefing.  We find no abuse of discretion in the court's denial of leave to amend.  (*Feliz, supra*, 91 Cal.App.5th at p. 940, fn. 10.)

B.    *Sanctions*

In its respondent's brief, DM requests $20,126 in sanctions against BPI for the "cost and time [DM] spent addressing BPI's appeal," which DM disparages as "frivolous, riddled with factual misrepresentations and meritless legal arguments."  DM has not filed a motion that "include[s] a declaration supporting the amount of any monetary sanction sought."  (Cal. Rules of Court, rule 8.276(b)(1).)  "For lack of compliance with rule 8.276(b)(1), we deny [DM's] request for sanctions."  (*Saltonstall v. City of*

*Sacramento* (2014) 231 Cal.App.4th 837, 858–859; accord, *City of Crescent City v. Reddy* (2017) 9 Cal.App.5th 458, 468.)

## III.

## DISPOSITION

The judgment is affirmed.  Respondent shall recover its costs on appeal.

IRION, J.

WE CONCUR:

HUFFMAN, Acting P. J.

CASTILLO, J.

11