NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL CHUNG, an individual,

Plaintiff-Appellant,

v.

COUNTY OF SANTA CLARA, a public entity,

Defendant,

and

JEFFREY F. ROSEN, individually,

Defendant-Appellee.

No. 23-16103

D.C. No. 3:21-cv-07583-AMO

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Araceli Martinez-Olguin, District Judge, Presiding

Argued and Submitted October 9, 2024
San Francisco, California

Before: H.A. THOMAS and JOHNSTONE, Circuit Judges, and SIMON,**
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael H. Simon, United States District Judge for the
District of Oregon, sitting by designation.

The district court dismissed all claims asserted by Plaintiff Daniel Chung ("Chung") against Defendant County of Santa Clara ("County"). Finding claim preclusion, the district court also granted summary judgment in favor of Defendant Jeffrey F. Rosen ("Rosen") on all claims asserted by Chung against Rosen. Chung appeals only the district court's order granting summary judgment in favor of Rosen. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

"We review the district court's grant of summary judgment de novo." *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021) (quoting *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011)). "We will only affirm if, viewing th[e] evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the district court correctly applied the relevant substantive law." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (citing *Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir. 1999) (en banc)). "We review the district court's application of the doctrine of judicial estoppel to the facts of [a] case for an abuse of discretion." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1044 (9th Cir. 2016) (quoting *Hamilton*, 270 F.3d at 782). We review de novo a district court's determination that claim preclusion is available. *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir. 1994) (first citing *Guild Wineries & Distilleries v. Whitehall Co., Ltd.*, 853 F.2d 755,

758 (9th Cir. 1988); and then citing *Plaine v. McCabe*, 797 F.2d 713, 718 (9th Cir. 1986)). We also review de novo a district court's decision that claim preclusion bars a plaintiff's claim. *NTCH-WA, Inc. v. ZTE Corp.*, 921 F.3d 1175, 1180 (9th Cir. 2019) (citing *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012)).

Chung is a former Deputy District Attorney ("DDA") for the County. While employed as a DDA, Chung sent to a local newspaper an opinion-editorial (the "Op-Ed") in which he expressed views about certain criminal justice issues that were contrary to the positions publicly taken by the County's District Attorney, Rosen. After the newspaper published the Op-Ed, Rosen suspended Chung without pay for ten days for violating County policies, including a prohibition against using one's official title to advance political activities without authorization. Chung also alleges that Rosen took other adverse employment actions against him.

Chung's union appealed his ten-day suspension to an arbitrator (the "Arbitrator"). The Arbitrator found that Chung spoke on a matter of public concern but concluded that the County could permissibly discipline Chung for violating County policy. The Arbitrator then considered whether just cause existed for the penalty imposed and, based on mitigating circumstances, reduced Chung's suspension from ten days to five. The County petitioned a state trial court to confirm the arbitration award, and the state trial court granted the County's petition.

Before the arbitration had concluded, Chung filed his complaint in this case,

alleging First Amendment retaliation under 42 U.S.C. § 1983. Chung alleged that Rosen and the County retaliated against him not only by imposing the disciplinary suspension, but also by visibly reassigning Chung to less prestigious positions and issuing "be on the lookout" notices about Chung to staff at the District Attorney's Office. The County moved to dismiss, the district court granted the County's motion, and Chung does not appeal that decision.

After the district court dismissed the County, Rosen moved for summary judgment, arguing, based on the Arbitrator's decision, that California's claim preclusion doctrine bars Chung's § 1983 claim. The district court granted Rosen's motion. On appeal, Chung challenges three of the district court's rulings: (1) that judicial estoppel does not stop Rosen from arguing that claim preclusion bars Chung's claim of First Amendment retaliation; (2) that the arbitration satisfies the prerequisites for that proceeding to be given preclusive effect; and (3) that, for purposes of claim preclusion under California law, the arbitration involved the same "cause of action" that Chung asserts in this federal lawsuit.

**1.** Neither Chung nor Rosen were named parties in the union's arbitration against the County, but even if they were, or even if they were in privity with the named parties, Chung's judicial estoppel argument fails on the merits under the framework stated in *New Hampshire v. Maine*, 532 U.S. 742 (2001). Chung has not shown that the two arguments at issue are "clearly inconsistent." *Id.* at 750. There is

no inconsistency between: (i) the County's argument made at arbitration that Chung's First Amendment claims should not be adjudicated (or that evidence relating to those claims should not be permitted) and (ii) Rosen's argument made to the district court that the issue was sufficiently adjudicated at arbitration such that claim preclusion should apply. The district court also did not err in concluding that the County failed to persuade the Arbitrator to accept its argument that Chung's First Amendment claim should not be considered in the arbitration. *See id.* (citing *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982)). Accordingly, we affirm the district court's ruling on judicial estoppel and conclude that Rosen may be heard on the merits of his claim preclusion argument.

**2.** Regarding whether the arbitration satisfies the prerequisites for that proceeding to be given preclusive effect, "[i]t is well established that, even in a suit under section 1983, 28 U.S.C. § 1738 requires federal courts give the same 'full faith and credit' to the records and judicial proceedings of any state court that they would receive in the state from which they arise." *Caldeira v. County of Kauai*, 866 F.2d 1175, 1178 (9th Cir. 1989) (quoting 28 U.S.C. § 1738). Here, the state trial court's confirmation of the arbitration award constitutes a judicial proceeding for purposes of § 1738 and must therefore be given the full faith and credit it would receive under California law. *See id.*

Under California law, "[a] judgment confirming [an] arbitration award

constitutes a final judgment on the merits" that can have preclusive effect. *See Cal Sierra Dev., Inc. v. George Reed, Inc.*, 223 Cal. Rptr. 3d 506, 519 (Ct. App. 2017) (citing *Sartor v. Superior Court*, 187 Cal. Rptr. 247, 250 (Ct. App. 1982)); *see also Vandenberg v. Superior Court*, 982 P.2d 229, 234 n.2 (Cal. 1999) (noting "the strict . . . 'claim preclusive[]' effect of a California law private arbitration award"). Accordingly, we affirm the district court's determination that the arbitration award can have preclusive effect. The only question that remains is whether the substantive requirements of claim preclusion under California law have been satisfied so as to preclude Chung's § 1983 claim against Rosen.

**3.** Under California law, "[c]laim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 (Cal. 2015) (citing *Mycogen Corp. v. Monsanto Co.*, 51 P.3d 297, 301 (Cal. 2002)). For purposes of claim preclusion, California law defines a "cause of action" by employing a "primary rights" approach. *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003). Under that approach, a "cause of action" consists of "(1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists [of] a breach of such primary right and duty." *Id.* (citing *Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n*, 71 Cal. Rptr. 2d 77, 86 (1998)).

6

The "cause of action," thus, is "the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010) (citing *Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 855 P.2d 1263, 1266 (Cal. 1993)).

Here, the arbitration award did not address all the harms that Chung alleges in his complaint. In the arbitration, Chung—or more precisely, his union—challenged only Chung's ten-day suspension without pay. The Arbitrator concluded that the County could discipline Chung by suspending him without pay and that doing so would not run afoul of the First Amendment. The Arbitrator, however, did not address whether any of the other alleged harms, or adverse employment actions, allegedly inflicted by Rosen violated Chung's First Amendment rights.

To the extent that Chung seeks recovery in this action for harms resulting from the other alleged actions—*i.e.*, Rosen's reassignment of Chung to less prestigious positions and issuance of "be on the lookout" notices—the harms at issue in the two proceedings are not the same. *Cf. id.* at 353 ("[T]he two actions concern the same plaintiff seeking the same damages from the same defendant for the same harm, and to that extent they involve the same primary right."); *Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1234 (9th Cir. 2014) (similar). Thus, although Chung's claim is precluded insofar as it seeks to remedy the ten-day suspension already addressed at

7

arbitration, his claim is not precluded and can proceed insofar as it seeks to remedy those other harms. We accordingly reverse the district court's ruling on claim preclusion, and remand for further proceedings consistent with this disposition.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[1]

---

[1] Each party shall bear its own costs associated with this appeal.